ALFRED C. TUXBURY *vs.* WILLIAM F. ABBOTT and another.

*Usurious note — judgment on.*

In an action on a promissory note, given in 1869, payable on time, with interest at seven and one-half per cent, the plaintiff may, under R. S. of 1857, c. 45, recover judgment for the amount of the note at simple interest.

ON REPORT..

ASSUMPSIT on a promissory note, given Feb. 26, 1869, by the defendants to the plaintiff payable in two months, "with interest at the rate of seven and one-half per cent."

The writ contained one count on the note as payable with interest; and the other with a literal description of the note. The defendant pleaded to the former and demurred to the latter which were joined.

If the plaintiff could maintain the action for the amount of the note and legal interest on either of the counts, the defendants were to be defaulted for the amount and costs.

Tuxbury *v.* Abbott.

*Edward Eastman*, for the plaintiff, on the question of severance, cited Met. on Cont. 246, 247; *Chamberlain* v. *Goldsmith*, 2 Brownl. 282; *Norton* v. *Syms*, Moore, 856; *Wood* v. *Benson*, 2 Tyrw. & G. 93.

*Edwin B. Smith*, for the defendants, contended, among other things, that the contract is an entirety and not separable, and cited Story on Cont. §§ 21, 22; 1 Pars. on Cont. (2d ed.), *30; 1 Bouv. Dict. 269, § 694. After an enforcement of the principal, the interest cannot be collected. *Tillotson* v. *Preston*, 3 Johns. 229.

A promise to pay a sum certain, and also " all fines according to rule;" or " also all other sums that may be due;" or with " the current rate of exchange to be added," cannot be enforced as a note for the sum certain, because it is an entire contract. *Arey* v. *Fearnside*, 4 M. & W. 168; *Smith* v. *Nightingale*, 2 Stark. 375; *Bolton* v. *Dugdale*, 4 B. & A. 619.

If the promise to pay interest be in the note and not in the count which declares upon it, the note cannot be read in evidence. *Gragg* v. *Frye*, 32 Maine, 283. The same must be true as to the statement of the rate.

So where there was a promise to pay interest alleged and none proved, the court deemed it a variance. *Tappan* v. *Austin*, 1 Mass. 31.

A promise to pay interest independently of the rate is inconceivable. If the rate be not expressed, the legal rate is conclusively presumed; if expressed, it may or not conform to the statute rate; but in either case it is a part and qualification of the promise to pay interest. So that if any part of the contract be rejected, it must be the whole promise to pay interest, and hence the note would no longer correspond with the declaration.

When part of note has been for liquors unlawfully sold, although the amount charged for liquors was well known, definite, and easily ascertainable, the courts have declared the note wholly void. *Ladd* v. *Dillingham*, 34 Maine, 316; *Hay* v. *Parker*, 55 Maine, 355; *Carlton* v. *Bailey*, 7 Foster, 230; *Roby* v. *West*, 4 N. H. 285. So

of other contracts on similar considerations. *Shaw* v. *Spooner*, 9 N. H. 197'; *Clark* v. *Ricker*, 14 N. H. 44; *Perkins* v. *Cummings*, 2 Gray, 258. And this independent of any statute making such notes void. *Deering* v. *Chapman*, 22 Maine, 488.

The plaintiff can recover upon nothing but the contract declared on. And if any part of the contract proved should vary materially from that stated in the pleadings, it will prove fatal; for a contract is indivisible. " The entire consideration must be stated, and the entire act to be done in virtue of such consideration, together with the time, manner, and circumstances; and with all parts of the proposition, as thus stated, the proof must agree." 1 Greenl. on Ev. § 66; *Robbins* v. *Otis*, 1 Pick. 368; *Goulding* v. *Skinner*, 1 Pick. 162; *Baylies* v. *Fettyplace*, 7 Mass. 325; *Bridge* v. *Austin*, 4 Mass. 116; *Fouquet* v. *Headley*, 3 Conn. 534; *Miles* v. *Roberts*, 34 N. H. 245; *Kidder* v. *Flagg*, 28 Maine, 477; *Grant* v. *Naylor*, 4 Cranch, 224.

" A note payable at sixty days cannot be given in evidence to support a count which does not state when the note is payable. The variance is fatal. Nor can plaintiff prove this was his attorney's mistake, and that the note produced is that intended by the declaration." *Sheehy* v. *Mandeville*, 7 Cranch, 208.

In the cause at bar there is no " mistake " on anybody's part. The difficulty arises from the plaintiff's deliberate disregard and defiance of the law; and he cannot complain if he suffer from it.

A variance similar to that in *Sheehy* v. *Mandeville* was again declared fatal by the United States supreme court in *Page* v. *Bank of Alexandria*, 7 Wheat. 35. So in *Morris* v. *Fort*, 2 McCord, 397; *Coller* v. *Boykin*, Minor, 206.

So is a misstatement of date. *Carlisle* v. *Trears*, Cowp. 672; *Stephens* v. *Graham*, 7 S. & R. 405; *Bank* v. *Allen*, 11 Vt. 302; *Fallis* v. *Howarth*, Wright, 303.

Or even statement of a date when the note has none. *Atlantic, &c., Co.* v. *Sanders*, 36 N. H. 252.

The words " for value received " are descriptive and cannot be rejected, nor can note not containing them be read under a decla-

ration which contains them. *Saxton* v. *Johnson,* 10 Johns. 418; *Rossiter* v. *Marsh,* 4 Conn. 196.

Note was declared upon as payable at the house of B. & Co.; proved that that was a mere memorandum at foot of note. Held a variance. *Ezron* v. *Russell,* 4 Maule & Selw. 505.

If payable at any place, that must be truly stated. *Puckett* v. *King,* 2 Ala. 570; *Murphee* v. *State Bank,* 4 Pike, 448.

That the whole note should have been set out in effect; see *Whitaker* v. *Smith,* 4 Pick. 83; *Stanwood* v. *Scovil,* Ib. 422; *Hart* v. *Tyler,* 15 Pick. 171; *Leach* v. *Blow,* 8 S. & M. 221; *Woodstock Bank* v. *Downer,* 1 Wms. Vt. 482; *Boylston* v. *Sherran,* 31 Ala. 538; *Shaw* v. *Noble,* 15 La. An. 305.

So where a promise " to give a note for $24 " is alleged, and one proved to give a note for that sum " payable in plank and a gun," the variance is fatal. *Gowry* v. *Ward,* 25 Vt. 217; *Titus* v. *Ash,* 4 Foster, 319.

So is the omission of a stipulation for " interest from date." *Sawyer* v. *Patterson,* 11 Ala. 523; *Gragg* v. *Frye,* 32 Maine, 283.

Or of the words " or discount." *Addio* v. *Vanbuskirk,* 4 Zab. (N. J.), 218.

It is of no consequence that the proof is of a larger sum or quantity than alleged; it is yet a variance. *Foster* v. *Pennington,* 32 Maine, 178; *Crawford* v. *Morrell,* 8 Johns. 253.

A complaint upon a promissory note is not sufficient unless it contain averments by which identity of paper filed with that sued is made apparent upon the record. *Bennett* v. *Wainwright,* 16 Ind. 211.

Where an instrument is not truly described in its material parts, it cannot be read in evidence under a special count upon it. *Higgins* v. *Lea,* 16 Ill. 495; *Cunningham* v. *Hobart,* 7 Gray, 423; *Chittenden* v. *Stevenson,* 26 Conn. 442; *Scott* v. *Ham,* 9 Barr. (Pa.), 407.

And the law of variance is the same even as to contracts not in writing. *Leery* v. *Goodson,* 4 D. & E. 687; *Robertson* v. *Lynch,* 18 Johns. 451; *Bending* v. *Manning,* 2 N. H. 289.

The general principle, in short, is that the omission or misstatement of any limitation, qualification, or term of the contract, whether it be written or verbal, is fatal. If the full promise be not stated there is a variance. *Penny* v. *Porter*, 2 East, 2; *Wheelwright* v. *Moore*, 1 Hall, N. Y. Sup. Ct. 20; *Snell* v. *Moses*, 1 Johns. 105; *Stone* v. *Knowlton*, 3 Wend. 374; *Pope* v. *Barrett*, 1 Mason, 123; *Hilt* v. *Campbell*, 6 Greenl. 109; *Symonds* v. *Carr*, 1 Campb. 361; *Thomas* v. *Williams*, 10 B. & C. 664; *Snow* v. *Winters*, 7 Cowen, 263; *Close* v. *Miller*, 10 Johns. 90.

Suppose two notes, both bearing the date and for the amount mentioned in plaintiff's first count, and payable to the person, and at the time and place there stated, were produced and were found to differ only in regard to interest; one reading, simply, " with interest," and the other having the additional clause, " at the rate of 7½ per cent;" which would the court receive as conforming to the declaration? the former or the latter? Could it be, then, said that the latter corresponded with the declaration? If not, does the mere fact that the plaintiff has not offered any such note make the one he does produce to correspond with the declaration?

The declaration omits to state the rate of interest upon which the loan was effected and credit given, while it is stated in the note; was the rate a material portion?

The rate was the inducement for the plaintiff to enter into the contract.

· If the contract be illegal, will the court frame for them one which they did not make, and then adjudge damages for breach of it.

Where there is an entire contract, or even a severable one, and the whole contract is set out and sought to be recovered upon, if any part of the contract be against the law the plaintiff must fail entirely. *Lord Lexington* v. *Clarke*, 2 Vent. 223; *Thomas* v. *Williams*, 10 B. & C. 664, cited *ante*; *Chater* v. *Beckett*, 7 T. R. 201.

See Bailey, B., opinion in *Wood* v. *Benson*, 2 Tyr. & G. 99; 6 Cush. 508–513; *Lea* v. *Barber*, 2 Anst. 425, note.

The trouble is that in the written, express contract, illegality was stipulated for in, and so pervaded and was interwoven with the

whole agreement, that when that is removed the whole is destroyed. *Irvine* v. *Stone*, 6 Cush. 512.

" The end accomplished is not the test by which we are to judge of the validity of the contract, but rather the end aimed at by the parties. That this end was a violation of the spirit [and letter] of the law . . . would seem to be too clear to admit of a doubt. . . . By all the authorities, as well as upon sound principle, such a contract cannot be sustained." *Weld* v. *Lancaster*, 56 Maine, 458.

KENT, J. This case has been very elaborately and ably argued; but after a careful examination, it appears to us quite too free from doubt to require any extended opinion.

The defendant objects that the plaintiff cannot recover on his first count, because it does not set out the whole contract; nor upon his second, because it does.

The single question is whether, under the usury laws of 1857, c. 45, a plaintiff can have judgment for his debt and legal costs, when it appears by the contract itself or by evidence *aliunde* that more than six per cent is reserved. It makes no difference whether the extra interest is taken or reserved directly or indirectly,—whether this fact appears on the face of the written contract or by proof *aliunde*. It is the fact, and not the mode of proof, that is material.

By the statute, since the old law (making entirely void any usurious contract) was changed, the only effect of taking or reserving more than six per cent is that it cannot be recovered, and the damages are reduced; and when it has been paid, recovered back. The courts have even allowed a party to indorse the extra interest before trial to save costs. *Cummings* v. *Blake*, 29 Maine, 105; *Hankerson* v. *Emery*, 37 Maine, 16; *Lumberman's Bank* v. *Bearce*, 41 Maine, 505; *Knight* v. *Frank*, 48 Maine, 320; *Whitten* v. *Palmer*, 50 Maine, 125. The only thing, then, in the nature of a penalty is loss and payment of costs. No one has questioned the right to recover the debt and legal interest. It is every day's practice.

The objection that there can be no severance between the debt

and interest  and illegal interest is unsupported by authority.   It is clearly within the rule of severance ; because the consideration being good, the portion of the contract which is invalid and not recoverable can be ascertained and fixed without mistake.   There is nothing that vitiates the whole.   By the terms of the report

*Defendants defaulted.   Judgment for  amount of note and costs, as stated in the report.*

APPLETON, C. J.; WALTON, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.