Henry L. Coe, *Appellant,* v. Frederick E. Muller and Gulf Pine Company, a Corporation, *Appellees.*

Opinion Filed November 28, 1917.

1. The usury act of 1909 repealed that part of the usury act of 1891 which penalized all usurious contracts, and imposes the forfeiture only when the violations are wilful.

2. An answer, to a cross-bill seeking to avoid payment of interest on account of usury which sets up that the contract for the usurious rate of interest was not wilfully made, presents a good defense and should not be stricken on motion of the cross-complainant.

3. Section 3 of the usury acts of 1891 and 1909 make it unlawful to contract for a rate of interest greater than ten per cent; but such contracts are not void.

4. The right to defend against paying interest when the rate is usurious, is a privilege which the borrower may exercise or not at his option, and which may be taken away or modified by legislative enactment.

5. The usury act of 1891 allowed the borrower to defend against the payment of usurious interest whether contracted for wilfully or not, and the act of 1909 deprives him of this defense unless the usury defended against is wilfully charged.

6. Usury is a statutory defense, not founded on any common law right, either legal or equitable, and may be taken away by legislative enactment both as to previous and to subsequent contracts.

7. Usury statutes do not affect the obligation of a contract, but pertain to the remedy only by giving the debtor the privilege of avoiding his contract when usurious, and their repeal without a saving clause, takes away such privilege even as to contracts previously made.

8. The right to avoid the payment of interest on the ground of usury, is not founded upon the obligation of the contract and is not a vested right.

9. The legislature has the right to fix the amount of interest that may be charged and provide for its forfeiture, or the forfeiture of the principal and interest, for contracting for interest in excess of the legal amount, and it may at pleas-

ure change the amount of interest which is lawful to be charged, or change ·the penalties or abrogate . them altogether, without such acts being obnoxious to any constitutional provisions.

10. The repeal 'of usury laws without a᾿saving clause operates retrospectively so as to cut off the defense of usury for the future even in actions upon contracts previously made.

11. When a usury statute does not declare the contract or any part of it void, but imposes a penalty of forfeiture 'of the whole or any part of the interest if the borrower sees fit to avail himself of the defense of usury, its repeal without a saving clause operates retrospectively so as to cut off the defense 'of usury for the future, even in actions upon contracts made while the law was in operation. .

Appeal from Circuit Court for Pasco County, O. K. Reeves, Judge.

Decree. reversed.

*Sparkman & Carter, James F. Glen* and *Macfarlane & Chancey,* for Appellant;

*McKay, Withers & Phipps, Hilton S. Hampton* and *Davant & Davant, for Appellees.*

Browne, C. J.—This is a suit by Henry L. Coe to foreclose a mortgage against Frederick T. Muller, The Gulf Pine Company and a number of other defendants. Muller and The Gulf Pine Company filed answers and cross-bills setting up, among other things, that the contracts sued on were usurious. To these cross-bills the complainant below filed answers denying that the contracts were tainted with usury, and averring that any condition

in the mortgage which would admit of a construction that Muller was to pay anything in excess of ten per centum as stipulated therein was inserted by inadvertence and mistake, and that there was never any intention or purpose to exact of Muller or to bind him by the contract to pay anything in excess of the legal rate of interest, and that none was ever collected; thus denying that there had been any wilful violation of the usury statute in force at the time the suit was brought.

Exceptions to such portions of the answers, as sought to defend against the charge of usury on the ground that the violation of the statute was not wilfully done, were sustained, and the complainant below entered his appeal, and assigns as error the judgment of the court below in sustaining the exceptions.

At the time the contract was entered into, Section 3106 General Statutes, 1906, being Section 3, Chapter 4022, Acts of 1891, was in force; but at the time the suit was brought, the Usury Act of June 12, 1909, Chapter 5960 Laws of Florida, had been enacted, which contained a general repealing section without a saving clause.

The only change in section 3 of each of these acts which affects this controversy is that the Act of 1909, penalizes anyone for "wilfully violating the provisions" of the act, and in the Act of 1891, the penalty of forfeiture of interest attaches even if the usurious charge were not wilfully made.

If the contract sued on is governed by the Act of 1909, which was in force when the suit was brought, and not by the Act of 1891, which was in force when the contract was made, the answer of Coe to Muller's cross-bill afforded a good defense, and the exceptions to the answers were wrongfully sustained. The question presented by the appellant's assignment of errors is, did the Act of 1909

repeal the Act of 1891, and if so what effect did the repeal have on the contract sued on?

The Act of 1909 repealed "all laws and parts of laws in conflict therewith," and contained no saving clause. This undoubtedly repealed that part of the Act of 1891 which penalized usurious contracts, and by the use of the word "wilfully" before the words "violating the provisions," abolished the harsher rule of the Act of 1891 and substituted therefor a more liberal one.

It is contended by the appellees that the repeal of the Act of 1891 does not affect a usurious contract made while that statute was in force, and cites Mitchell v. Doggett, 1 Fla. 356, in support of his contention, which isolated paragraphs taken from the opinion seem. to justify. The court in that case was considering what effect the passage of the Usury Act of 1844 had on a contract which was made prior to its passage while the Usury Act of 1833 was in force, and the opinion must be considered in connection with the statutes which were under consideration. Section 3 of the Act of 1833 fixed the penalty for usury, and the Act of 1844 merely changed the lawful rate of interest from ten per cent. to eight per cent. It expressly repealed the first and second sections of the Act of 1833, but left the penalty clause unrepealed, and this provided that on any usurious contract "the interest on the usurious contract shall be void and the obligor or obligors forever exonerated from the payment of the same."

The opinion in Mitchell v. Doggett, *supra,* was predicated upon the theory that the contract sued on was void. At the outset the court said: "The case at bar must stand upon the law in relation to the contract itself, and we can find no authority that declares, that a contract rendered void by statute, can, upon a repeal of that

statute, acquire a vitality which it did not before possess. Sound policy, justice and morality, unite in stern opposition to such a principle." Throughout the entire opinion the court made it apparent that it was considering a contract which the statute made utterly void, and we find these expressions therein: "The law of 1833, declares that all interest over the rate of ten per cent. shall be void, and the obligor forever *exonerated from the payment of the same."* "To admit all this and to say that a contract declared a nullity by a statute, a contract that never had an existence, can, by the galvanic process of repeal of that statute, have infused into it a new life and being, so as to be enforced in a court of justice, we must admit, is at variance with all our notions of sound policy, morality and law." Again, "We are clearly of the opinion, that by the letter and spirit of the statute, whenever illegal interest is taken or contracted for, the whole interest is void."

Neither the Act of 1891 or 1909 makes a contract for usurious interest in excess of ten per cent. void. It is made unlawful, and the usurer may suffer the loss of the entire interest if the borrower chooses to exercise his privilege of avoiding payment by proper plea charging the usury. It is a privilege he may exercise or not, and may be taken from him or modified, by legislative enactment. The Act of 1891 allowed the borrower to defend against the payment of usurious interest whether contracted for wilfully or not, and the Act of 1909 deprives him of this defense unless usury defended against was wilfull.

Usury being merely a statutory defense, not founded upon any common law right, either legal or equitable, it is clearly within the power of the legislature to take it away.

In the case of Curtis v. Leavitt, 15 N. Y. 9, text 229, Mr. Justice PAIGE said: "The defense of usury is in the nature of a penalty or forfeiture, and may at any time be taken away by the legislature, in respect to previous as well as subsequent contracts, without trenching upon any vested right." See also Danville v. Pace, 25 Gratt. (Va.) 1, 18 Am. Rep. 663. In Petterson v. Berry, 125 Fed. Rep. 902, 60 C. C. A. 610, it was held that "Usury statutes do not affect the obligation of the contract, but pertain to the remedy only, by giving to the debtor the privilege of avoiding his contract when usurious, and their repeal, without a saving clause, takes away such privilege, even as to contracts previously made."

The Supreme Court of Maine in Holmes v. French, 68 Me. 525, has carefully pointed out the distinction in the effect of a statute which repeals one which declares usurious contracts void, and one which merely penalizes the usurer by giving the borrower the privilege of avoiding it by proper plea, as follows:

"Had this note been given under the Stat. of 1821, c. 19, which was in terms prohibitory, and declared that all contracts made in violation thereof 'shall be void,' there would be much force in the proposition, and reason as well as authority would sustain us in holding that the note would not be made valid by the mere repeal of the statute, the violation of which made it void. But the Stat. of 1821, c. 19, was very materially changed in 1834. Stat. 1834, c. 122. Its penal provisions were eliminated, so that when it became embodied in the revision of 1841, (R. S. of 1841, c. 69, in force when the note in suit was made) it became remedial in its character. Chapter 69 fixed the legal rate of interest at six per cent., and provided two remedies in behalf of debtor parties to contracts in which was reserved usurious interest, viz: 1.

In actions on such contracts, debtors could avoid the usurious portion by proving the usury under the general issue, and recover costs. 2. Whenever they had paid usurious interest, recover it back in an action commenced within one year after payment. Tuxbury v. Abbott, 59 Me. 466, 471. With the latter we now have nothing to do. The former is contingent upon the commencement of an action by the proper party. It is somewhat penal in its consequences; but the debtor cannot resort to it until he is put upon his defense by an action against him. So long as the remedy depends upon, or is subject to this contingency, the right to resort to it is but inchoate at best. It is not founded upon the obligation of the contract, and is in nowise vested right, unassailable under the constitution. It is simply a remedy created by the statute, based upon what the legislature at the time considered the public good required; and the same authority, actuated by the same motives, recognized the change of circumstances which warranted their taking away what they had previously given, by a total abrogation of the statute which gave the remedy. This they had an undoubted right to do; and this they have done." Citing, Oriental Bank v. Freese, 18 Maine 109.

Whether we regard the forfeiture of the interest when more than ten per cent. is reserved, charged, or taken for a loan, as a penalty, or as a mere matter of defense which the borrower may avail himself of or not, the effect of the repealing section in the Act of 1909 on the Act of 1891, is the same. Considering it as a penalty, the authorities in this country very generally concur in the doctrine that the repeal of usury laws, without a saving clause, operate retrospectively, so as to cut off the defense of usury for the future, even in actions upon contracts previously made. Ewell v. Daggs, 108 U. S.

143, 27 L. Ed. 682, 2 Sup. Ct. Rep. 408; Hardaway v. Lilly, Tenn. Ch.—, 48 S. W. Rep. 712; Magill v. Mercantile Trust Co., 81 Ky. 129; Johnson v. Utley, 79 Ky. 72; Curtis v. Leavitt, 15 N. Y. 9; Bank v. Allen, 28 Conn. 97; Danville v. Pace, 25 Gratt. (Va.) 1; Parmelee v. Lawrence, 48 Ill. 331; Woodruff v. Scruggs, 27 Ark. 26.

The strongest case in support of this doctrine is Ewell v. Daggs, *supra,* where it was held that even if the repealed statute declared a usurious contract to "be void and of no effect for the whole premium or rate of interest only," that it was to be taken as meaning "voidable merely, that is, capable of being avoided, and not as meaning that the act or transaction is absolutely a nullity, as if it never had existed, incapable of giving rise to any rights or obligations under any circumstances." Continuing, the court said, "The effect of the usury statute of Texas was to enable the party sued to resist a recovery against him of the interest which he had contracted to pay, and it was in its nature, a penal statute inflicting upon the lender a loss and forfeiture to that extent. Such has been the general, if not uniform, construction placed upon such statutes. And it has been quite generally decided that the repeal of such laws, without a saving clause, operated reprospectively, so as to cut off the defense for the future, even in actions upon contracts previously made. And such laws, operating with that effect, have been upheld as against all objections, on the ground that they deprived parties of vested rights or impaired the obligation of contracts. The very point was so decided in the following cases: Curtis v. Leavitt, *supra;* Bank v. Allen, *supra;* Welch v. Wadsworth, 30 Conn. 149; Andrews v. Russell, 7 Blackf. (Ind.) 474; Wood v. Kennedy, 19 Ind. 68; Danville v. Pace, *supra;* Parmelee v. Lawrence, *supra;* Woodruff v. Scruggs, *supra.*

"And these decisions rest upon solid ground. Independent of the nature of the forfeiture as a penalty, which is taken away by a repeal of the Act, the more general and deeper principle on which they are to be supported is, that the right of a defendant to avoid his contract is given to him by statute, for the purpose of its own, and not because it affects the merits of his obligation; and that, whatever the statute gives, under such circumstances, as long as it remains in *fieri,* and not realized, by having passed into a completed transaction, may by a subsequent statute be taken away. It is a privilege that belongs to the remedy, and forms no element in the rights that inhere in the contract. The benefit which he has received as the consideration of the contract, which contrary to law he actually made is just ground for imposing upon him, by subsequent legislation, the liability which he intended to incur."

It is not necessary for us to adopt the rule of the Supreme Court of the United States, as laid down in that case, on the effect of the repeal of a statute declaring any part of a usurious contract void, as no such statute is before us for consideration.

The cases which hold that the repeal of a usury statute, does not affect contracts made when the statute was in force, deal with the statutes which make the contracts void, or where there are statutes to the effect that "the repeal of a statute does not affect any right which *accrued,* any duty imposed, any penalty incurred, nor any proceeding commenced under and by virtue of the statute repealed."

In North Carolina usurious contracts are "void," and the Supreme Court in Pond, Adm'r. v. Horne, 65 N. C. 84, aptly draws a distinction between such contracts and

those where there is a penalty imposed which the borrower may defend against if he chooses.

"The case turns upon the effect of the repealing clause. The old usury act is repealed absolutely, and the courts can give no further effect to it, but so far as the act has already had an effect, that, of course, is not disturbed by the repeal.

"This rule as to the effect of the repeal of a statute is settled by the cases both in England and in this country, and it is so consonant with the reason of the thing, that discussion is not called for.

"The question is, was the bond sued on, made void by force of the old statute, or was the effect of the statute merely to make the bond voidable by plea? If the former, and nothing was left to be done, the repeal of the statute has no operation in regard to a matter 'passed and closed.' Dwarris on Statutes, 676. If the latter, and something was to be done in order to give effect to the statute, the repeal stops its further operation." "Our case then, is narrowed to this, is a usurious contract made void by force of the old statute per se, or is it necessary to plead the statute in order to give full effect? In other words, is the contract void by force of the statute, or is the statute only a bar to the action? We are entirely satisfied that the former is the true construction. The words are plain, 'all contracts, bonds, etc., shall be void.'" "In short, the contract as alleged in the plea of usury by force of the statute 'was, and is wholly void in law' and the subsequent repeal of the statute does not give vitality to that which was dead, for in the words of Dwarris the effect of the statute is 'passed and closed.'"

There seem to be little if any conflict in the authorities on the doctrine that where a usury statute does not declare the contract or any part of it void, but imposes

a penalty of forfeiture of the whole or any part of the interest if the borrower sees fit to avail himself of the defense of usury, its repeal without a saving clause operates retrospectively so as to cut off the defense of usury for the future, even in actions upon contracts made while the law was in operation. On the question of the effect of the repeal of a statute which declares any part of a usurious contract void, there is some conflict in the authorities, with the Supreme Court of the United States holding that "even where the repealed statute declares that the interest shall be void, it shall be taken to mean voidable merely, that is, capable of being avoided, and not as meaning that the act or transaction is absolutely a nullity." Ewell v. Daggs, *supra*.

The act of 1891 comes within the first classification, and reason and precedent support us in holding that the repeal of that act without a saving clause, and the enactment of the Act of 1909, which forfeits the interest only when there has been a wilful violation of the usury law in relation to charging more than ten per cent. interest, affects all actions even if the contract was made when the former act was in force.

It follows therefore that the Circuit Judge erred in striking from the appellant's answer to the cross-bill, such parts of it as set up the defense that he had not wilfully violated the provisions of the usury law.

The decree is reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.