SIMON ARGINTAR, *et ux.,* v. JANE LYDELL and HELEN NOEL, as administrtrix of the estate of John S. Noel, deceased.

180 So. 346.

Opinion Filed April 7, 1938

*L. R. Baker* and *Julius F. Parker,* for Appellants;
*Metcalf & Finch,* for Appellees.

BROWN, J.—This is an appeal from a final decree adverse to the defendants below, appellants here, in a mortgage foreclosure proceeding wherein the defendants set up usury as a defense.

In the final decree the chancellor made a finding of fact which reads as follows:

"It is doubtful if any useful purpose would be served by stating all of the facts as they appear in the record. However, the Court finds as follows: That plaintiff, an elderly widow in Michigan, entrusted funds belonging to her, to her brother, one John S. Noel, a broker, residing and engaged in business in West Palm Beach, Florida; that these funds were entrusted to him for investment in Florida, and were so invested as a loan to the defendants, upon the loan having been first approved by plaintiff; as to security amount and identity of borrower; that said John S. Noel, as a broker, acting for the defendants, negotiated for them the said loan of his sister's funds in the amount of $2,000.00 for six months, with interest at 8 per cent. per annum, and with a payment of $200.00 to him, evidenced by a note (secured by the same mortgage as loan of plaintiff) in payment of his commission for his services in effecting the

loan; that plaintiff had no knowledge of the $200.00 note, or of the payment of any commission to anyone in connection with the loan, or as to the inclusion of the $200.00 note in the mortgage given to her, until several years later, and during this litigation; that the $2,000.00 at all times belonging to plaintiff, until the funds were paid over, at the request of the defendants, to a corporation that received the money for the use and benefit of defendants; that John S. Noel acted as a broker in the transaction representing the defendants, and at the same time acted as a special agent—but not as an employed agent—of plaintiff, authorized to loan her money, as was done in this case, upon her approval; that the loan was consummated by the attorney for the defendants, who attended to the preparation of the notes and mortgage and the recording of the mortgage, and who, after the mortgage had been recorded, retained it for several years and until shortly before this suit was instituted; that plaintiff never saw the mortgage, nor was she aware of its contents until after it was delivered to her attorney shortly before this suit was instituted; that the payment of the brokerage to John S. Noel in no way enriched plaintiff; that she received no part of that brokerage at any time; that the method and plan used in effecting the loan and carrying it out, was in no way a device, scheme, plan or method to evade the usury laws, and permit plaintiff to loan her money on any other basis, than upon the return to her of her principal and interest at 8 per centum per annum; that she did not willfully or knowingly exact or receive any consideration whatsoever, in connection with the loan for the use of her money, except the agreement to pay interest at 8 per cent. per annum, a part of which interest was paid by the defendants; that the equities in this cause are with the plaintiff; that she is entitled to relief as

prayed in the bill of complaint; and that the amended counterclaim should be dismissed."

We think the record in this case sustains these findings of fact as made by the chancellor and therefore sustains the decree which was rendered in favor of the appellee.

The defense in this case was largely based upon Section 6942 C. G. L., but it will be observed that this statute condemns "willfully and knowingly" charging or accepting any sum of money greater than the sum of money loaned, and an additional sum equal to 25 per cent. per annum upon the principal sum loaned, under a penalty of the forfeiture of both principal and interest to the party thus unlawfully charged with usurious interest. Likewise Section 6939 C. G. L., which provides for a forfeiture of double the amount of interest when more than 10 per cent. is charged under Section 6938, also uses the word "willfully. We think the decision of the chancellor below and his final decree were fully justified by the previous decisions of this Court. See Chandler v. Kendrick, 108 Fla. 450, 146 So. 551; Mason, *et al.*, v. Cunningham, 111 Fla. 200, 149 So. 331; Pushee v. Johnson, 123 Fla. 305, 166 So. 847, and Clark v. Grey, 101 Fla. 1058, 132 So. 832.

We also are of the opinion that the cases cited by the appellants such as Richter Jewelry Co. v. Schweinert, 125 Fla. 199, 169 So. 750, and related cases, can well be distinguished from the present case. The payment of a commission by the borrower to some third person for securing a loan would not under the facts of this case, render the loan usurious. Our cases recognize this principle.

It is a familiar rule that when the chancellor has decided a question and there is evidence in the record to support his findings of fact and his conclusions are based upon applicable principles of law, this Court will not reverse; nor will the chancellor be reversed, even where the evidence is

in conflict, unless his findings or conclusions based on the evidence are clearly erroneous. However, in this case we might observe that our conclusion is that the chancellor was well justified in his findings of fact, and that his final decree is in accordance with law and justice as applied to the facts of this case.

The decree therefore is accordingly affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.