91 So.2d 624 (1956)
Frank G. DEZELL, Appellant,
v.
Harry C. KING, Appellee.
Supreme Court of Florida. Special Division A.
December 19, 1956.
Rehearing Denied January 17, 1957.
*625 Hall, Hedrick & Dekle, Miami, for appellant.
Moore, Jaffe & Amari, Miami, for appellee.
BIRD, Associate Justice.
This case is before us for review of a Summary Final Judgment for the defendant on the pleading.
The first count of the amended complaint alleges that the plaintiff, who is appellant here, executed, at Miami on or about the 15th day of July, 1953, a promissory note to the defendant, appellee here, for $56,000, payable at the rate of $2,333.33 each month.
The photostatic copy of said note attached shows that the sum of $2,333.33 or more was payable on the 15th day of each month for twenty-four months, and the note bore interest at the rate of 10% after maturity.
Plaintiff charges in his first count:
"2. Said defendants did then and there wilfully (Emphasis supplied) and knowingly charge, exact and take from the plaintiff a usurious sum of money by way of a bonus, discount and interest in that the amount of the loan and money delivered to the plaintiff be defendants on said note was Fifty Thousand Dollars ($50,000.00), whereas defendants exacted, collected and received from plaintiff upon said loan and note the sum of $56,000.00 at the rate of $2,333.33 per month for the first eight months, and the balance of Thirty-Seven Thousand Three Hundred Thirty-two and 36/100 ($37,332.36) on April 12, 1954 as shown on the face of the attached note, the portion thereof including unaccrued and usurious interest having been paid only after protest by plaintiff to defendants.
"3. The sum of Six Thousand Dollars ($6,000.00) as bonus, or discount, or interest thus wilfully and knowingly exacted, taken and received by defendants for a loan of Fifty Thousand Dollars ($50,000.00) extended over a nine-month period is greater than lawful interest at the rate of ten percent (10%) per annum and in violation of 687.03 Florida Statutes 1951 [F.S.A.].
"Wherefore, Plaintiff claims damages and judgment against Defendants for Twelve Thousand Dollars ($12,000.00), being double the amount of interest so exacted, taken and received by Defendants, in accordance with Section 687.04, Florida Statutes 1951 [F.S.A.], providing therefor."
The sum of $6,000 charged as interest for Fifty Thousand Dollars ($50,000) payable at the rate of $2,333.33 per month for twenty-four months appears to exceed the rate of 10% per annum and is therefore unlawful and violates Sec. 687.03, Florida Statutes Annotated.
Section 687.04, F.S.A. prescribes the penalty for violation of Section 687.03 and provides that any one who wilfully violates *626 said section shall forfeit the entire interest so charged, contracted to be charged or reserved, and where usurious interest has been paid shall forfeit to the party from whom such usurious interest has been reserved, taken or exacted double the amount of such interest.
The first count of the amended complaint charges that the defendant did "then and there wilfully and knowingly" charge and exact and take from the plaintiff more than ten per cent per annum, in the manner set forth in said count.
We think this count is sufficient to charge that usurious interest was charged and taken at the time of the making of the note and that this was wilfully done by the defendant.
The answer of the defendant claims that the contract was made in good faith and with no intention of taking more interest than the law allowed and that the rate of interest and manner of payment was fixed by the plaintiff, the note prepared by his attorney and that the payment before due was voluntarily made by him. Thus the question of wilfullness is fairly raised and should be tried by a jury, or if trial by jury is waived, by the Court.
The criterion is not simply whether the defendant received more interest than the law allowed but rather did he do so wilfully.
Jones v. Hammock, 131 Fla. 321, 179 So. 674; Argintar v. Lydell, 132 Fla. 45, 180 So. 346.
This Court speaking through Justice Terrell in Chandler v. Kendrick, 108 Fla. 450, 146 So. 551, 552, said, 
"The very purpose of statutes prohibiting usury is to bind the power of creditors over necessitous debtors and prevent them from extorting harsh and undue terms in the making of loans. Under the law and the decisions, usury is a matter largely of intent. It is not fully determined by the fact of whether the lender actually gets more than the law permits, but whether there was a purpose in his mind to get more than legal interest for the use of his money, and whether, by the terms of the transaction and the means employed to effect the loan, he may by its enforcement be enabled to get more than the legal rate. Benson v. First Trust and Savings Bank, [105 Fla. 135] 142 So. 887; R.C.L. pp. 223, 224. A thing is willfully done when it proceeds from a conscious motion of the will, intending the result which actually comes to pass. It must be designed or intentional, and may be malicious, though not necessarily so. `Willful' is sometimes used in the sense of intentional, as distinguished from `accidental,' and, when used in a statute affixing a punishment to acts done willfully, it may be restricted to such acts as are done with an unlawful intent. Clark v. Grey, 101 Fla. 1058, 132 So. 832; United States v. Boyd, C.C., 45 F. 851, text 855; State v. Clark, 29 N.J.L. 96. To work a forfeiture under the statute the principal must knowingly and willfully charge or accept more than the amount of interest prohibited by it."
An inspection of the note in this case and calculation of the interest thereon in the manner and for the term of its amortization and the fact that the sum actually received by the maker was $50,000, will disclose that this interest exceeds the amount of 10% per annum. This calculation may be done by any person having a fair knowledge of arithmetic, but the process is rather difficult and tedious and this fact may well be considered in a trial upon the question of wilfullness in the taking of such interest.
We are indebted to counsel for Plaintiff for furnishing us in his complaint and brief computations of interest on $50,000 as set out in the note which is prepared by experts, from which it appears that the interest *627 retained and contracted for in said note, for its full length, is at the rate of 11.126% per annum.
The second count of the complaint seems to be based on the theory that the note described in the first count was not usurious at its inception but was rendered usurious by the payments made thereon and the exercise of the option of the maker to pay the note in full before maturity at which time the payee demanded and received the full unaccrued interest.
It is suggested in argument of counsel that this was the theory upon which the case was argued and submitted to the Circuit Judge and upon which he acted at the time of the entry of the Summary Judgment for the defendant.
The law seems to be well settled that where the contract is not usurious at its inception it is not rendered usurious because of exercise of the option of prepayment by the maker and the demand and receipt of interest by payee for the full length of the contract.
This Court in its very first term in 1846, in Mitchell v. Doggett, 1 Fla. 356, said,  "When the original contract is lawful no subsequent taking of, or contract to take, illegal interest, will invalidate it."
This holding is followed in Carter v. Leon Loan & Finance Co. 108 Fla. 567, 146 So. 644. The general law on this subject is stated in Vol. 55 American Jurisprudence, Sec. 47, 
"Repayment before Maturity.  Although the decisions are not numerous, the courts in many of the jurisdictions where the question has arisen have held that a loan transaction which would be free from usury if the loan were paid at the agreed maturity is not rendered usurious by its voluntary repayment by the borrower before maturity, even though, by reason of such payment, the amount of interest received by the lender exceeds the lawful interest computed to the date when the loan was paid, provided, of course, that the total interest received by the lender does not exceed the lawful interest computed to the maturity date stipulated in the loan contract."
Sec. 48. 
"Prepayment Options.  The comparatively few jurisdictions in which the question has arisen seem to be in accord in holding that a borrower's voluntary payment of a loan before maturity, made pursuant to a prepayment option in the contract, will not render the transaction usurious if the total interest received by the lender does not exceed the interest computed at the maximum lawful rate from the time the loan become available to the borrower to the absolute maturity date specified in the contract. Similarly, a provision in a loan contract privileging a borrower to pay the loan in advance of maturity ordinarily will not make the contract usurious on its face if its exercise is entirely optional with the borrower and cannot be demanded or required by the lender. But the inclusion of a prepayment option in a loan contract has been held not to relieve the transaction from the effect of other provisions requiring the payment of a usurious rate of interest during the latter portion of the term of the loan, although in at least one jurisdiction the courts have considered the inclusion of prepayment options in loan contracts as indicating an intent on the part of the lender to avoid the collection of usurious interest."
Where a contract is usurious at its inception and this is discernible by calculation, the demand and taking of more interest than the law permits, at the time of prepayment, may be considered as a circumstance in determining the question of wilfullness of the taking at its inception.
The second count does not allege that the contract was usurious at its inception; *628 it does, however, charge facts which show that a greater rate of interest than ten percent per annum was charged or contracted to be charged and that at the time of the prepayment of the whole note more interest than the law allowed was knowingly and wilfully demanded and taken by the lender. While the second count is not perfectly clear it is sufficient to state a cause of action. We are concerned with the correctness of the Circuit Judge's ruling rather than by the theory or reasoning which he followed.
The answer of the defendant denies that the interest was demanded and taken wilfully, and thus a trial upon question of wilfullness is indicated.
The judgment is therefore reversed with directions for further proceeding in accordance with this opinion.
DREW, C.J., and HOBSON and THORNAL, JJ., concur.