### TILTON, et al v. TRAVERS, et ux.
No. 2885.

Circuit Court, Martin County.

January 25, 1961.

Thomas H. Thurlow, Stuart, for plaintiffs.

Evans Crary, Sr., of Crary & Crary, Stuart, for defendants.

D. C. SMITH, Circuit Judge.

This cause comes on for final hearing, after the court has heard and observed the witnesses, heard final argument of the attorneys for the respective parties and considered briefs filed by them.

The plaintiffs seek the foreclosure of a purchase money mortgage. The mortgage originally was in the principal sum of $15,-000, dated April 28, 1958, payable in three equal annual instalments of $5,000 on the 28th day of April of each year thereafter until paid. In addition to the purchase money mortgage, the mortgagors assumed and agreed to pay the balance due on an existing mortgage covering the property covered by such mortgage in the amount of $2,733, due February 9, 1959. The mortgagors failed to pay the balance due on the assumed mortgage promptly when it came due on February 9, 1959, and did not pay it until March 17, 1959, which necessitated various negotiations between the plaintiffs and the holders of the assumed mortgage. The first instalment on the mortgage sought to be foreclosed came due on April 28, 1959, and on or about May 26, 1959, the defendants delivered to the plaintiffs their check in the sum of $5,788.33 in payment of the principal and interest due. This check was returned by the defendants' bank and payment refused by reason of "insufficient funds." On June 1, 1959, the plaintiffs, through their attorney, notified the defendants that inasmuch as they were in default, plaintiffs had elected to declare the entire principal due and payable.

Plaintiffs were approached by an agent of the defendants, who proposed that plaintiffs accept two lots and in consideration for the two lots, credit the defendants with payment of $750 in interest and $500 in principal, and pay the balance of the purchase price of said lots, after deducting closing expenses, and execute an extension agreement providing for payment of the remaining balance of the mortgage, in the sum of $14,500, $5,000 on April 28, 1960, $5,000 on April 28, 1961, and $4,500 on April 28, 1962. Deeds covering the two lots were duly executed and delivered, purchase price of lots, less expenses, paid, and an extension agreement duly executed.

Defendants failed to pay the 1959 taxes assessed and levied against the property covered by the mortgage and the same was advertised for sale by the county tax collector on June 1, 1960, at 12 noon. Defendants failed to pay the $5,000 instalment due on April 28, 1960, together with interest due under the extension agreement.

On June 1, 1960, the plaintiff, Ransom B. Tilton, went to the county tax collector's office in connection with the delinquent taxes and when he arrived there, he found the defendant, Walter E. Travers, who stated that he was there for the purpose of paying the taxes upon the mortgaged lands and said defendant paid such taxes.

This suit to foreclose was filed on June 2, 1960.

The defendants through their answer, set up the defense of usury in that they allege that each lot conveyed to the plaintiffs had a value of $2,700, or a total of $5,400, and that the defendants received total payment credits of only $2,318 for said lots, and that the plaintiffs received the equivalent of $3,082 additional consideration which, added to the 5% legal interest, caused said mortgage to be usurious. In addition, the defendants assert in their answer that the plaintiffs are estopped from electing to declare the entire balance of the principal on said mortgage due and payable because the plaintiff, Ransom B. Tilton, knowingly permitted the defendants to pay the taxes on the mortgaged property on June 1, 1960.

The court finds from the evidence that the plaintiffs are not estopped because they permitted the defendants to pay the taxes on the mortgaged property. The court further finds that throughout the entire transaction, the only thing the plaintiffs sought to obtain was payment of the amounts due them according to the terms and provisions of the note and mortgage. The extension agreement and the acceptance of the lots in connection therewith

was sought and solicited by the defendants. The defendants have failed to establish their defense of usury by clear and satisfactory evidence. There was never a purpose in the plaintiffs' mind to get more than they were entitled to under the terms and provisions of their note and mortgage. The plaintiffs at no time wilfully sought to exact more from the defendants than they are entitled to receive according to the terms and provisions of the note and mortgage. Stewart v. Nangle, Fla. App. 1958, 103 So. 2d 649; Dezell v. King, Fla. 1957, 91 So. 2d 624, and Chandler v. Kendrick, Fla. 1933, 146 So. 551.

The plaintiffs are entitled to a decree of foreclosure, including an attorney's fee for plaintiffs' attorney in the sum of $1,250, which sum the court determines is a reasonable fee to be allowed to plaintiffs' attorney for his services herein, and costs.

The plaintiffs' attorney is directed to prepare an appropriate decree containing the above, submit a copy thereof to the defendants' attorneys and submit the original to the court for entry.