WIGGINTON, Judge.
Plaintiffs have appealed a final judgment which found that a loan made by them to defendants sometime prior to the year 1958 was infected with usury, as a consequence of which it was adjudged that the entire debt, both principal and interest, be forfeited and the debt cancelled.
By the final judgment here reviewed the trial court made no determination as to the exact amount of the loan made by appellants to appellees. It was found and adjudged on conflicting evidence that the amount of interest charged by appellants as the makers of the loan was in excess of that permitted by law. Although appellants take issue with this finding, our review of the record indicates sufficient competent evidence to support the trial court’s finding in this regard. Such finding, and the conclusion based thereon, is clothed with a presumption of correctness, and since appellants have failed to demonstrate an abuse of discretion in making such finding and reaching such conclusion, the judgment in this respect is affirmed.
By its judgment the trial court specifically found that the loan transaction between appellants and appellees was infected with usury in violation of F.S. section 687.03, F.S.A., and therefore the basic debt, both principal and interest, stands as cancelled pursuant to the provisions of F. S. section 687.04, F.S.A.
Appellants contend, and we agree, that F.S. section 687.04, F.S.A., on which the trial court relied as authority for cancellation of the entire debt, provides that if the loan is found to be usurious contrary to the provisions of F.S. section 687.03, F. S.A., only the interest charged or reserved shall be cancelled but the actual principal sum of the usurious contract may be enforced in the courts of this state.[1] It therefore appears that the statute on which the trial court relied to cancel the debt owed by appellees to appellants does not support that part of the judgment which cancels the principal sum of the debt.
In oral argument before the court appellees suggested that even though the trial court may have improperly relied on F.S. section 687.04, F.S.A., to support its judgment, the judgment should neverthe *450 less be affirmed because of the provisions of F.S. section 687.07, F.S.A. This latter statute is criminal in nature and provides that any person who shall willfully and knowingly charge or accept as interest on money loaned a sum equal to 25% upon the principal sum shall be deemed guilty of a misdemeanor, and the entire sum loaned, both principal and interest, shall be forfeited. Appellees’ reliance upon the foregoing statute to support the judgment appealed is misplaced. Although F.S. section 687.07, F.S.A., was in effect at the time the loan involved in this case was made, it was repealed by Chapter 69-135, Laws of Florida, Acts of 1969, which repeal became effective on October 1, 1969. It therefore appears that this statute was no longer in existence at the time the final judgment in the case sub judice was rendered on February 27, 1970. Such being the case, the penal provisions of the statute, including the provision for forfeiture of both the principal and interest of the debt, may not be applied to the issues in this case nor utilized as support for the judgment rendered herein.[2]
In a last effort to support the judgment here assaulted appellees contend that even though F.S. section 687.07, F.S.A., was repealed prior to the rendition of judgment herein and therefore is not applicable, neverthe\ the penal provisions of that statute were reenacted by the legislature in 1969 by the adoption of Chapter 69-135, Laws of Florida, Acts of 1969, which •became effective on October 1, 1969. This act is a criminal usury statute making it a misdemeanor to loan money at an interest rate greater than 25% per annum and providing that no extension of credit made in violation of the act shall be an enforceable debt in the courts of this state. Although this statute was in effect prior to the rendition of the final judgment in the case sub judice, it applies only to loans or extensions of credit made after the effective date of the act and cannot be applied retroactively to loans made prior to that date.[3]
For the reasons and upon the authorities above cited, we conclude and so hold that the portion of the trial court’s judgment is affirmed which finds the loan made by appellants to appellees to be infected with usury and which cancels the interest paid or reserved thereon. That part of the judgment which forfeits and cancels the principal amount of the loan is reversed.
Upon remand of this cause the chancellor is directed to make a determination on the basis of the record in the case of the exact amount of the loan made by appellants to appellees, a determination which was not made in the final judgment rendered herein. Judgment shall be rendered in favor of appellants for the principal amount of the loan, which judgment shall be a lien on the real estate heretofore conveyed by appellees to appellants as security for repayment of the loan. Enforcement of the judgment may then be had in accordance with law and the rules of procedure relating to the foreclosure of liens on real estate.
Affirmed in part, reversed in part with directions.
RAWLS, Acting C. J„ and SPECTOR, J., concur.

. F.S. § 687.04, F.S.A. “Any person * * * willfully violating the provisions of § 687.03 shall forfeit the entire interest so charged, or contracted to be charged or reserved, and only the 249 So.2d—29 actual principal sum of such usurious contract can be enforced in any court in this state, either at law or in equity; * * * >>

. Tel Service Co. v. General Capital Corporation, (Fla.1969) 227 So.26 667; Coe v. Muller, 74 Fla. 399, 77 So. 88.

. State ex rel. Riverside Bank v. Green, (Fla.1958) 101 So.2d 805; Yaffee v. International Company, (Fla.1955) 80 So. 2d 910.