JOHNSON, Judge.
This is an appeal from an amended final decree in which certain defendants as personal obligors on the indebtedness owed to the appellants were eliminated.
*670 This cause has been before this Court before, June 1, 1971, reported at 249 So.2d 448, in which this Court affirmed in part and reversed in part. In the opinion of this Court, those portions of the judgment which forfeited and cancelled the principal of the loan in question were definitely reversed; but, upon remand this Court directed, inter alia, as follows:
“ . . . Judgment shall be rendered in favor of appellants for the principal amount of the loan, which judgment shall be a lien on the real estate heretofore conveyed by appellees to appellants as security for repayment of the loan. Enforcement of the judgment may then be had in accordance with law and the rules of procedure relating to the foreclosure of liens on real estate.”
These directions, supra, were the basis for a petition for rehearing in this Court in which the appellees Metos and wife and Avalon Shores, Inc., alleged that this Court had overlooked or failed to consider certain provisions of the final judgment, to wit: that the court finds that Edward P. Staros and wife, appellants herein, had made loan to George Manus and Lakeshore Realty Company, Inc. and that the defendants, William P. Metos and Stella Metos and Avalon Shores, Inc. had no legal obligation to the plaintiffs-appellants herein. This Court denied the petition for rehearing. The appellants had filed their reply to the petition for rehearing laying emphasis on the portion of the judgment quoted supra.
We think there is merit in the appellants’ contention that when this Court refused to clarify its opinion by refusing to grant a rehearing, a direct issue had been before this Court on the question raised by the petition for rehearing, and was decided adversely to appellees.
We think we can clarify to some extent by briefly reciting some of the facts as found by a detailed study of the record. The appellants had originally loaned money to Mr. and Mrs. Manus, as security for which Lakeshore Realty Company, Inc., of which Mr. Manus was president, conveyed certain property to appellants. Later, at the request of Mr. Manus, the appellants recqnveyed the same property to Avalon Shores, Inc., a purported corporation. At the time of said last mentioned conveyance, Mr. William P. Metos and Mr. Manus were actually Avalon Shores, Inc., because at that time the incorporation papers had not been filed in Florida; some time later, the corporate papers were filed. At about this same time, Mr. Metos owed Mr. Man-us $15,000.00. Mr. Manus owed the appellants, so Mr. Manus and Metos agreed that they, through the channel of their alter-ego, Avalon Shores, Inc., would kill two birds with one shot in this manner: Avalon Shores, Inc. would convey to the appellants the real property which is the basis of this suit, said conveyance being acquiesced in or joined in by Metos, in satisfaction of Mr.. Metos’ debt, and the property would be security for Mr. Manus’ debt to appellants. In other words, although Mr. Metos and his wife were not directly legally obligated to the appellants, they, by joining in the execution of the conveyance to appellants in satisfaction of their debt to Manus, did in fact render themselves liable for the debt of Manus to the appellants; and, inasmuch as the stockholders and directors of Avalon Shores, Inc., upon dissolution, took title to the property of the corporation subject to the outstanding debts of the corporation, they were liable to the appellants. If the land upon which the lower court had decreed appellants to have a lien, when sold pursuant to law, does not net enough to pay all costs accrued and indebtedness due the appellants, then the appellants shall have recourse against all of the appellees for enforcement of the final judgment.
For these reasons, such portion of the amended final judgment, as eliminates the appellees Metos and wife and Avalon Shores, Inc. as parties liable to appellants, is hereby reversed and the original final *671 decree reinstated. All other provisions of said original decree are affirmed, except that the trial court is ordered to set another sale date according to law.
Reversed in part, and affirmed in part.
SPECTOR, C. J., and RAWLS, J., concur.