350 So.2d 358 (1977)
Jack D. SMITH a/K/a Jack Dempsey Smith and Mary N. Smith a/K/a Mary Nell Smith, His Wife, Appellants,
v.
BARNETT BANK OF MURRAY HILL, a State Banking Corporation, Appellee.
No. FF-273.
District Court of Appeal of Florida, First District.
September 26, 1977.
*359 William A. MacGuire, Stephen H. Davis and Robert W. Elrod, Jacksonville, for appellants.
George L. Hudspeth and Alan Chipperfield of Mahoney, Hadlow & Adams, Jacksonville, for appellee.
SMITH, Judge.
This is an interlocutory appeal in a mortgage foreclosure proceeding, formerly cognizable in equity. Fla.App.R. 4.2a. Defendants complain principally of the trial court's order which set counterclaim issues of usury for trial with the foreclosure issues without a jury and which dismissed Count II of defendants' second amended counterclaim and their second amended affirmative defense alleging fraud. The trial court properly dismissed the fraud defense and counterclaim with prejudice after defendants failed in three pleading attempts. We reverse the order setting the usury counterclaim for trial without a jury.
The Declaration of Rights secures the right of jury trial for cases in which a jury trial was traditionally afforded at common law. Article I, Section 22, Florida Constitution; Flint River Steamboat Co. v. Roberts, Allen & Co., 2 Fla. 102 (1848); Buckman v. State ex rel. Spencer, 34 Fla. 48, 15 So. 697 (1894). No right of action for recovery of usurious interest paid or other damages was afforded at common law. Coe v. Muller, 74 Fla. 399, 77 So. 88 (1917); Matlack Properties, Inc. v. Citizens & Southern Nat'l Bank, 120 Fla. 77, 162 So. 148 (1935). However, an action for the recovery of money as damages was among the class of cases in which the common law afforded a right of jury trial. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Waddell v. State ex rel. Meeks, 235 Ark. 293, 357 S.W.2d 651 (1962).
The right of action afforded by Section 687.04, Florida Statutes (1975) is a right of action for money damages, for which a jury trial is appropriate. It is insignificant to the determination of counterclaimants' right to a jury trial that the right of action they assert is created by statute rather than by common law. If the rule were otherwise, claims for money damages based on modern legislation would be subject to denial of a jury trial, and the right to jury trial would shrink as time and legislation change the citizen's rights of redress and access to the courts. Compare Fleitmann v. Welsbach Street Lighting Co., 240 U.S. 27, 29, 36 S.Ct. 233, 234, 60 L.Ed. 505, 507 (1916) ("[W]hen a penalty of triple damages is sought to be inflicted [under the Sherman Act], the statute should not be read as attempting to authorize liability to be enforced otherwise than through the verdict of a jury in a court of common law."); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504, 79 S.Ct. 948, 953, 3 L.Ed.2d 988, 994 (1959) ("[T]he right to trial by jury applies to treble damage suits under the antitrust laws, and is, in fact, an essential part of the congressional plan for making competition rather than monopoly the rule of trade ... ."); Admiral Corp. v. Admiral Employment Bureau, Inc., 151 F. Supp. 629, 631 (N.D.Ill. 1957) ("There exists the right to have the jury pass on the question of the willfulness of the violation [under the Lanham Trade-mark Act] before [a treble damage] award is made."); Bailey v. Central Vermont Ry., 319 U.S. 350, 354, 63 S.Ct. 1062, 1064, 87 L.Ed. 1444, 1448 (1943) ("The right to trial by jury is a basic and fundamental feature of our system of federal jurisprudence... . It is part and parcel of the remedy afforded railroad workers under the Employers' Liability Act.")
The filing of a compulsory counterclaim for relief cognizable at law in an action for equitable relief does not waive jury trial on the counterclaim issues. Hightower v. Bigoney, 156 So.2d 501 (Fla. 1963).
The trial court's order denying a jury trial on the usury counterclaim for money damages is REVERSED; but the interlocutory appeal is otherwise DISMISSED.
MILLS, Acting C.J., and ERVIN, J., concur.