HERSEY, Judge.
This appeal arises from an action to foreclose a mortgage. Appellants defended on the basis of a violation of the usury statute. § 687.03, Fla.Stat. (1977). Apparently in reliance on Smith v. Barnett Bank of Murray Hill, 350 So.2d 358 (Fla. 1st DCA 1977), appellants raised usury as a counterclaim rather than pleading it as an affirmative defense. Appellants also unsuccessfully filed a demand for jury trial (on more than one occasion).
The various procedural skirmishes are rendered irrelevant by our determination that usury is an affirmative defense and that no right to trial by jury arises upon its appropriate assertion. Substantial competent evidence supports the substantive aspects of the final judgment: appellees were entitled to foreclosure; the amounts of money in issue were properly computed and funds were accurately allocated.
We therefore return to an evaluation of appellants’ premise that the usury statute creates a cause of action for damages, activating the right to jury trial guaranteed by both Article I, Section 22, of the Florida Constitution and the Seventh Amendment to the Constitution of the United States.
In Smith, 350 So.2d at 359, the court reasoned as follows:
The Declaration of Rights secures the right of jury trial for cases in which a jury trial was traditionally afforded at common law.... No right of action for recovery of usurious interest paid or other damages was afforded at common law.... However, an action for the recovery of money as damages was among the class of cases in which the common law afforded a right of jury trial... .
The right of action afforded by Section 687.04, Florida Statutes (1975) is a right of action for money damages, for which a jury trial is appropriate. It is insignificant to the determination of counter-claimants’ right to a jury trial that the right of action they assert is created by statute rather than by common law. If the rule were otherwise, claims for money damages based on modern legislation would be subject to denial of a jury trial, and the right to jury trial would shrink as time and legislation change the citizen's rights of redress and access to the courts. [Citations omitted.]
We agree with that rationale with one important, and indeed determinative, exception. We disagree that the usury statute creates a cause [right] of action for money damages. The Smith court relies on Hightower v. Bigoney, 156 So.2d 501 (Fla.1963), to support its premise that the right to trial by jury is not waived simply because the legal issue is raised in a compulsory counterclaim filed in an equitable action. We have no quarrel with the correctness of that proposition. Its extension to equate the defense of usury with such a “legal issue” is in our view unjustified.
In Moretto v. Sussman, 274 So.2d 259, 260 (Fla. 4th DCA 1973), we noted that:
Usury is a creature of statute. Thus, usury violations are statutorily governed and give rise only to those penalties and *1010 relief statutorily contained or provided. Other damages, compensatory or punitive, are not recognized or permitted. See Coral Gables First National Bank v. Constructors of Florida, Fla.App.1960, 119 So.2d 741; Coe v. Muller, Fla.1917, 74 Fla. 399, 77 So. 88; Tel Service Co. v. General Capital Corp., Fla.1969, 227 So.2d 667; Spinney v. Winter Park Building & Loan Ass’n., Fla.1935, 120 Fla. 453, 162 So. 899.
The relief which the statute provides is primarily defensive. It exacts a penalty by blocking the recovery of money (interest) that otherwise would be due and payable. Thus the second district in Diversified Enterprises, Inc. v. West, 141 So.2d 27, 29 (Fla. 2d DCA 1962), held that “Usury is an affirmative defense and must be properly pleaded by a defendant.” The commentary in 32 Fla.Jur.2d, Interest and Usury § 72, at 83 (1981) states: “Usury is an affirmative defense .... ” (Based upon the cases we have cited.)
Where usurious interest has already been paid, however, the statute permits the borrower to allege usury as a cause of action. Dezeil v. King, 91 So.2d 624 (Fla.1957); Tel Service Co. v. General Capital Corp., 227 So.2d 667 (Fla.1969). The statute establishes that the penalty to be assessed when usurious interest has been collected is double the amount of the interest paid. § 687.04, Fla.Stat. (1981).
We conclude that neither compensatory nor punitive damages are implicated by a defensive plea of usury. Moreover, usury in the customary setting is solely an equitable affirmative defense whether alleged in an action at law on the debt or in an equitable action to foreclose on the security for that debt. (Despite the prohibition by modern rules of procedure merging law and equity, distinguishing between the two sometimes aids analysis.) For these reasons, we affirm the final judgment in all respects. In doing so we necessarily and here expressly create conflict with the first district’s Smith case.
It has been brought to our attention that although the original promissory note was introduced into evidence, subsequently a copy was substituted. Appellees shall be required to surrender the original promissory note which is now merged into the final judgment to the trial court for cancellation.
AFFIRMED.
DOWNEY and WALDEN, JJ., concur.