HORTON, Acting Chief Judge.
This is a joint appeal from a final decree in a mortgage foreclosure. The appellants *433 Mitchell were the original owners and mortgagors and the appellants Zimmerman were their grantees. The Mitchells were permitted to intervene and file defensive pleadings to the complaint of the appellee Hill. The basis upon which the appellants seek reversal of the final decree of foreclosure is the failure of the chancellor to recognize and apply the defense of usury.
There is no apparent dispute of the fact that appellants Zimmerman knew of the mortgage in question when purchasing the property from Mitchell. The deed of conveyance from Mitchell to Zimmerman was without warranties, being quitclaim in nature, and does not mention the mortgage. Appellants Zimmerman now contend that they are in a position to raise the defense of usury as they did not take the property expressly subject to the mortgage. Appellants Mitchell urge that they may raise the defense of usury as they retained a monetary interest in the property, i.e., they did not deduct the unpaid portion of the mortgage from the sale price to Zimmerman. The appellee did not seek a deficiency decree against the Mitchells.
There was no evidence produced by the appellants to show how the parties treated the mortgage except that appellants Zimmerman had actual knowledge of the existence of the mortgage and, in addition, the same was of record. The testimony regarding the transaction was vague and uncertain.
In entering the decree of foreclosure, the chancellor below relied upon Spinney v. Winter Park Building & Loan Ass’n, 120 Fla. 453, 162 So. 899, on pages 903, 904, wherein the court stated:
“* * * In Alabama-Florida Co. v. Mays, 111 Fla. 100, text 108, 149 So. 61, 64 [91 A.L.R. 139] and Id., 111 Fla. 783, 149 So. 661, we said: ‘It is conceded that, where a grantee takes a conveyance subject to a mortgage, he will be presumed to have included the mortgage debt in the purchase price. Pomeroy Eq.Jur. (3rd Ed.) vol. 3, § 1205; Shuler v. Hardin, 25 Ind. 386; McDonald v. Finseth, 32 N.D. 400, 155 N.W. 863, L.R.A.1916D, 149.’
“This being true, it follows that in so far as defending against the foreclosure of a mortgage which constituted a lien upon the property at the time of the conveyance to the subsequent purchaser, such subsequent purchaser could interpose no defense to the preexisting mortgage lien which he could not have interposed had he assumed to pay the mortgage. * * *.
“So it is by analogy we must arrive at the conclusion that a subsequent purchaser who takes title subject to a prior existing recorded mortgage upon the property is presumed to have included the mortgage debt in the purchase price and is estopped to defend against the foreclosure of such mortgage upon the ground of usury. The recorded mortgage being valid on its face, the purchaser is assumed to have recognized it as a valid lien against the property which he is buying. He is assumed to have taken the amount of the mortgage indebtedness evidenced by such recorded' mortgage into consideration as a part of the purchase price and cannot be heard later to change his position in that regard.”
The lower court then found that no evidence was produced to offset the presumption that the grantee included the mortgage debt in the purchase price.
It was incumbent upon the grantees to establish the terms of the conveyance in order to avail themselves of the defense of usury. When- the appellants Zimmerman accepted the quitclaim deed, they were, in the absence of fraud, mistake or other grounds for equitable relief, conclusively presumed to have taken the title subject to all risks as to defects or encumbrances, relying upon such protection only as the recording laws gave them. See 10 Fla.Jur., Deeds, § 159, page 163, and Pierson *434 v. Bill, 133 Fla. 81, 182 So. 631, 634. In failing to establish facts that would permit the defense of usury, the grantees have likewise precluded any claim by the appellants Mitchell of a monetary interest in the property.
We fail to find any error in the lower court’s entry of the final decree and it follows that the same should be and it is hereby affirmed.
Affirmed.
PEARSON, J., and BARNS, A. J., concur.