127 So.2d 441 (1961)
PINKERTON-HAYS LUMBER COMPANY, Inc., Petitioner,
v.
Doyle POPE, Respondent.
Supreme Court of Florida.
March 1, 1961.
Keen, O'Kelley & Spitz, A. Frank O'Kelley and H.O. Pemberton, Tallahassee, for petitioner.
Roy T. Rhodes of Horne & Rhodes, Ausley, Ausley & McMullen, Tallahassee, and Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for respondent.
HOBSON, Justice.
The petitioner brought an action in the circuit court of Taylor County against the respondent for fire damage to petitioner's sawmill, allegedly suffered as a result of respondent's negligence. From an adverse verdict and judgment, respondent appealed to the District Court of Appeal, First District, on the ground that, as a matter of law, the evidence failed to establish that the respondent's negligence was the proximate cause of the damage suffered by petitioner.
The District Court of Appeal, In Pope v. Pinkerton-Hays Lumber Co., Fla.App., 120 So.2d 227, reversed the judgment of the circuit court, with directions that it be set aside and a judgment entered dismissing the cause. Petitioner now seeks, by petition for certiorari, the review by this court of the decision of the District Court of Appeal, alleging that the decision is in direct conflict with the decision of this court in Cone v. Inter County Telephone & Telegraph Co., Fla., 40 So.2d 148.
The facts of the case are adequately set out in the opinion of the District Court *442 of Appeal, and are quoted herewith [120 So.2d 229]:
"Plaintiff owned and operated a sawmill located one-half mile outside the corporate limits of the City of Perry. Defendant is a contractor who was engaged in a road construction job inside Perry. One of defendant's employees, while in the performance of his duties, negligently operated a bulldozer in such manner as to sever a telephone cable which connected the telephone located in plaintiff's sawmill with the switchboard of the telephone company. In the early hours of the morning following the severance of the telephone cable on the preceding afternoon, a fire occurred on the premises where plaintiff's sawmill was located. Because the night watchman at the sawmill was unable to communicate by telephone with the Perry Fire Department, the fire spread to the sawmill causing considerable damage before it could be extinguished. The evidence shows that on several prior occasions fires had occurred in a similar fashion at plaintiff's sawmill, but in each instance the local fire department was summoned by telephone and arrived at the mill in time to extinguish the blaze before any material damage was suffered."
The source of the alleged conflict between the decision of the District Court of Appeal in the instant case and that of this court is contained in the following language which appears in the opinion of the District Court of Appeal:
"Under the definition adopted by the Supreme Court in the Cone case, the defendant could be liable only if the proof showed that in the past the mill had frequently caught on fire, and that a loss had been suffered because of interrupted telephone service betwee the mill and the fire department. Had this been the case, the defendant could have reasonably foreseen that by his negligent act of severing the cable and thus interrupting telephone service, the loss was likely to happen again because losses under similar circumstances had frequently happened in the past. There are no allegations in the complaint, nor proof in the evidence, that the plaintiff's mill ever suffered a loss by fire in the past by reason of interrupted telephone service to the fire department. This being so, the facts in this case do not come within the rule of proximate cause as defined by the Supreme Court in the Cone case."
The District Court of Appeal apparently drew this conclusion from the following language contained in the Cone case, which was quoted in the opinion of the District Court of Appeal [40 So.2d 149]:
"* * * [W]hen the loss is not a direct result of the negligent act complained of, or does not follow in natural ordinary sequence from such act but is merely a possible, as distinguished from a natural and probable, result of the negligence, recovery will not be allowed. * * * `Natural and probable' consequences are those which a person by prudent human foresight can be expected to anticipate as likely to result from an act, because they happen so frequently from the commission of such act that in the field of human experience they may be expected to happen again." (Emphasis supplied.)
We believe that the District Court of Appeal erred in its application of the above quoted principles appearing in the Cone case, and in so erring, created a direct conflict on the same point of law with our decision in the Cone case within the meaning and intent of Article V, Section 4 of the Florida Constitution, F.S.A.
The error into which the District Court fell was the subjective application of the objective test of foreseeability as pronounced in the Cone case. The language in question was intended to convey the notion that foreseeability depends in part *443 on whether the type of negligent act involved in a particular case has so frequently previously resulted in the same type of injury or harm that "in the field of human experience" the same type of result may be expected again. The test was not intended to, nor do we think it does, imply that a plaintiff, in order to recover in a negligence action, must prove that the particular causative act had frequently occurred before, and that it had frequently resulted in the same particular injury to the plaintiff. Yet this is the application which was given to the rule in the quoted portion of the District Court of Appeal's opinion. Without resorting to extreme example, a moment's reflection will bring to mind many circumstances where the application of such rule would preclude recovery by a plaintiff, even though the injury might be readily foreseeable.
For a District Court of Appeal to accept a decision of this court as controling precedent, and then to attribute to that decision a patently erroneous and unfounded principal of law, is to create a "real and embarrassing conflict of opinion and authority" as that phrase was used in the case of Ansin v. Thurston, Fla., 101 So.2d 808, 811. It was to resolve conflicts in cases such as this that Article V, Section 4 of the Constitution granted to this court jurisdiction to review by certiorari decisions of the district courts of appeal.
Having determined our jurisdiction in this case, and, in so doing, having resolved the conflict upon which jurisdiction is based, we now focus our attention on the merits of the controversy. The sole issue on the merits is whether the District Court of Appeal erred in reversing the judgment of the circuit court and in holding as a matter of law that the negligence of the respondent's servant in severing the telephone cable was not the proximate cause of the fire damage to petitioner's sawmill.
We are of the view that the portion of the District Court of Appeal's opinion which we have quoted and which has met with our disapprobation was not essential to the result at which the court ultimately arrived. It is purely and simply obiter dictum. Indeed, apart from the portion referred to, the opinion is a learned and accurate discussion of the law of proximate cause as it has been announced in this and other jurisdictions. The principles of law were, moreover, correctly applied to the facts at hand. After hearing the arguments of the parties and studying the briefs and record, we are convinced that the decision of the District Court of Appeal was correct and that it would be superfluous for us to enter upon a further discussion of the issues presented.
Accordingly, the petition for certiorari should be and it hereby is
Denied.
ROBERTS, DREW and O'CONNELL, JJ., concur.
THOMAS, C.J., agrees to judgment.