ADKINS, Justice.
Certiorari was granted in this cause to review the decision of the District Court of Appeal, Third District (305 So.2d 59) on grounds of direct conflict with a prior deci *1146 sion of this Court. It now appears that the writ was improvidently issued.
Relying upon Pinkerton-Hays Lumber Company v. Pope, 127 So.2d 441 (Fla.1961), petitioner contends that the District Court of Appeal attributed to Spinney v. Winter Park Bldg. & Loan Ass’n, 120 Fla. 453, 162 So. 899 (1935) a patently erroneous and unfounded principle of law. This is petitioner’s strongest ground for jurisdiction.
Pinkerton-Hays Lumber Company v. Pope, supra, does not suggest that we take jurisdiction because we disagree with the result of the District Court of Appeal’s decision. In this case we said:
“For a District Court of Appeal to accept a decision of this court as controling [sic] precedent, and then to attribute to that decision a patently erroneous and unfounded principal [sic] of law, is to create a ‘real and embarrassing conflict of opinion and authority’ as that phrase was used in the case of Ansin v. Thurston, Fla., 101 So.2d 808, 811. It was to resolve conflicts in cases such as this that Article V, Section 4 of the Constitution granted to this court jurisdiction to review by certiorari decisions of the district courts of appeal.” 127 So.2d at 443.
Spinney v. Winter Park Bldg. & Loan Ass’n, supra, held that the exemptions prescribed in Section 6192, C.G.L. (1927), later Fla.Stat. § 665.161, F.S.A. (1967), is applicable to a state building and loan association, saying:
“The reason behind this legislative enactment is sound.
“A building and loan association is a sort of mutual benefit association. Each of the stockholders are assumed also to be borrowers.
[[Image here]]
“[T]he association may either make loans to its members who shall bid the highest premiums for priority or the association may enter into an agreement in writing for the given premiums to be paid by the borrower, in addition to the interest, which premium may be payable all at one time or in installments. .
“And so it is that one subscribes for stock for the very purpose of being eligible to become a borrower from the fund which he helps to create by the payment of his stock subscription. The stockholder of the building and loan association is recipient pro tanto of such benefits as may accrue from the contract which he executes with the association as well as from the contracts which all other stockholders execute with the association. This being true, the Legislature has lifted the ban of usury to such an extent as to allow the stockholders to contract more liberally between themselves and within the organization than could lawfully be accomplished otherwise.” (Emphasis supplied.) 162 So. at 903.
In considering jurisdiction under the principles enunciated in Pinkerton-Hays Lumber Company v. Pope, supra, we should first determine whether the District Court of Appeal in the instant case (Financial Fed. Sav. & Loan Ass’n v. Burleigh House, Inc., 305 So.2d 59 (Fla.App.3d 1974)) accepted the Spinney case as controlling precedent. The District Court of Appeal in its opinion made the following reference to Spinney:
“Financial Federal further argues hereinunder that if it cannot rely on the legislative changes effective June 2,1969, then it is exempt from the usury penalties by .virtue of Fla.Stat. §§ 665.161 and 665.40. We cannot agree.
“In Spinney v. Winter Park Building and Loan Association, 120 Fla. 453, 162 So. 899 (1935) the Florida Supreme Court flatly held that the usury exemption provided for by Fla.Stat. § 665.161 applies only to domestic associations and not to foreign associations such as the defendant Financial Federal. Fla.Stat. § 665.40 entitles Federal savings and loan associations to the same exemptions from taxation as provided by law for domestic associations, not from the usury statutes. Therefore, we conclude that the defendant in the case sub judice is not exempt from the usury statutes.” 305 So.2d at 62.
*1147 The court plainly said Spinney was not a controlling precedent for petitioner herein because the opinions related solely to domestic associations. Considering the reasoning of the court in Spinney as quoted above, it is apparent that petitioner herein could not have used the prior case as precedent for its position on appeal. This was all the appellate court held. The District Court of Appeal in- the instant case reasoned that Fla.Stat. § 665.40 F.S.A., specifically included federal savings and loan associations in the exemption from taxation provided for domestic associations. Having drawn this distinction on tax exemptions, the District Court of Appeal held that petitioner herein was not exempt from the usury statute. This was a matter of statutory construction and a case of first impression.
The District Court of Appeal in the instant case did not attribute to Spinney “a patently erroneous and unfounded principle of law.” Nor was there any “real and embarrassing conflict of opinion and authority.” In the absence of “real and embarrassing conflict,” we will not extend our jurisdiction to the point of substituting our judgment on a question of law for the judgment of a District Court of Appeal having final appellate jurisdiction.
The writ of certiorari is discharged.
It is so ordered.
ROBERTS, BOYD and HATCHETT, JJ., concur.
ENGLAND, J., dissents with an opinion.
OVERTON, C. J., and SUNDBERG, J., dissent and concur with ENGLAND, J.