356 So.2d 329 (1978)
A.N. ABRAMOWITZ, Appellant,
v.
BARNETT BANK OF WEST ORLANDO and John L. Maynard, Appellees.
No. 76-2276.
District Court of Appeal of Florida, Fourth District.
January 24, 1978.
Rehearing Denied April 4, 1978.
Darryl M. Bloodworth and Janice S. Burton of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for appellant.
C. Brent McCaghren of Winderweedle, Haines, Ward & Woodman, P.A., Winter Park, for appellee-Barnett Bank of West Orlando.
MOORE, Judge.
This is an appeal from a final summary judgment entered in favor of the defendant, Barnett Bank.
Abramowitz, the plaintiff-appellant, had filed a complaint against Barnett Bank for exacting a usurious interest rate in violation of Chapter 687, Florida Statutes. Abramowitz obtained a loan from Barnett Bank on November 23, 1973, and signed a promissory note for $400,000.00, secured by *330 a mortgage on real property. The principal and interest, at the annual rate of 9%, were due on November 23, 1974.
Several charges for making the loan were assessed against Abramowitz by Barnett Bank. Among these charges was a $4,000.00 "mortgage loan discount" which had the effect of reducing the principal of the loan to $396,000.00 because the $4,000.00 charge was withheld from the loan proceeds. The interest actually paid on the one-year loan was $36,347.78. Abramowitz contends that the $4,000.00 mortgage loan discount should also be treated as interest making the total interest $40,347.78 on a principal loan of $396,000.00 and a rate of interest of 10.19%. At the time the loan was executed, the maximum interest chargeable to an individual was 10%. Fla. Stat. § 687.03 (1973). Treating the $4,000.00 as interest, therefore, would render the transaction usurious and would subject Barnett Bank to the large monetary penalties provided for under Fla. Stat. § 687.04.
A determination of whether the $4,000 mortgage loan discount was interest ultimately rests upon a factual determination of the purpose for the charge. Loan-related costs incurred by the borrower are not interest if they compensate the lender for out-of-pocket expenses or for services rendered by the lender. Financial Federal Savings and Loan Assn. v. Burleigh House, Inc., 305 So.2d 59 (Fla.3d DCA 1974); 91 C.J.S. Usury § 48.
In the instant case, the issue of whether the $4,000 constituted interest arose in the context of a summary judgment motion. We hold that genuine issues of material fact precluded the entry of summary judgment in favor of Barnett Bank.
The following response to an interrogatory by the President of Barnett Bank clearly reveals the genuine issue of material fact which still exists:
"The $4,000.00 item designated as a mortgage loan discount was not, in fact, a mortgage loan discount, but was service charge. The designation `mortgage loan discount' was in error, reflected as such in the closing statement. The income was credited to Commercial Loan Fees and was treated as service charge income to the bank.
A portion of the service charge was to defray expenses involved as a direct result of the loan. The loan was viewed as a construction loan by the bank and it was therefore necessary for bank personnel to make on site inspections. Such inspections were numerous".
Charges for on site inspections would compensate the bank for out-of-pocket expenses or for services rendered by the bank and would not be deemed interest. However, the amount received for the inspections must be reasonably related to the quality and quantity of the inspections actually performed. Williamson v. Clark, 120 So.2d 637 (Fla.2d DCA 1960). In the bank president's own words only a "portion" of the $4,000 was used to defray the bank's actual expenses. This raises a genuine issue of material fact. If only a portion of the $4,000.00 was used for the costs of the inspections, for what was the balance of the $4,000.00 used? It appears that a portion of the $4,000.00 may constitute interest and in order to determine whether the interest rate usuriously exceeded 10%, it is necessary to know precisely how much of the $4,000.00 compensated the bank for out-of-pocket expenses or for services rendered for inspection or otherwise. Such information cannot be discerned from the record. Therefore, summary judgment was improper because of the existence of a genuine issue of material fact.
An issue of fact apparently exists as to whether the $4,000.00 was a mortgage loan discount or whether it was "service charge income." This would be immaterial, however, since the purpose of the charge, rather than its nominal title, should determine whether the charge was interest.
If, on remand, the court concludes that a portion of the $4,000.00 should be deemed interest, and that the interest rate exceeds 10%, the transaction is still not usurious unless the bank possessed the requisite *331 "corrupt intent" which is essential for a violation of the usury statutes. Dixon v. Sharp, 276 So.2d 817 (Fla. 1973). Corrupt intent, like malice in a defamation action, is a highly subjective element, and generally should not be dealt with on summary judgment. Firestone v. Time, Inc., 231 So.2d 862, 865 (Fla.4th DCA 1970).
Further interrogatories, documentary exhibits, etc., could provide a detailed analysis of the $4,000.00 charge and could thereby render summary judgment proper if such information conclusively established that a sufficient portion of the $4,000.00 compensated the bank for services rendered (inspections) or for other out-of-pocket expenses. In such case, it would still be possible for the trial court to conclude, on summary judgment, that the interest rate did not exceed 10%, thereby avoiding the need to determine the issue of corrupt intent.
We find that appellant's remaining points relative to charging in excess of 10% on renewal notes have no merit.
Accordingly, the final summary judgment is REVERSED and this cause REMANDED for further proceedings consistent with this opinion.
ANSTEAD, J., and SCHWARTZ, ALAN R., Associate Judge, concur.