## PADGETT, et al v. FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LAKE WORTH.

No. 77-C-5009.

Circuit Court, Palm Beach County.

February 11, 1978.

Mitchell W. Legler of Commander & Legler, Jacksonville, for the plaintiffs.

Michael O'Haire of Smith, Heath, Smith & O'Haire, Vero Beach, for the defendant.

DANIEL T. K. HURLEY, Circuit Judge.

*Summary final judgment:* This action came on to be heard on the joint motions for summary judgment respecting the following issues which the parties have stipulated may be determined by the court as matters of law, there being no genuine and material factual dispute as to such issues —

Issue I — Whether pursuant to the provisions of F. S. §665.161 (Fla. laws 1967) (now renumbered §665.395), the defendant is exempt from the application of the Florida usury laws and therefore is entitled to a judgment as a matter of law;

Issue II — Whether, for the purposes of calculating a violation of Florida's usury laws pursuant to the provisions of F. S. §687.03(3):

(i) All charges in nature of interest must be spread over the stated term of loan regardless of how collected or the year in which collected; or

(ii) Only points, advance interests or commissions are required to be spread and regular, periodic interest charges are not required to be spread by the provisions of F. S. §687.03(3) which requires spreading of "any payment or property charged, reserved, or taken as an advance or forebearance which is in the nature of, and taken into account in the calculation of, interest";

and the court, having considered the record of this action, oral argument of the parties through their respective counsel, written memoranda submitted in support of each party's position and being advised in open court at the hearing on these motions that resolution of either of the above issues in favor of defendant would leave no issues to be decided in this action, makes the following findings of fact and conclusions of law upon which this judgment is based —

## Findings of fact

A. The defendant, First Federal Savings and Loan Association of Lake Worth, was at all times material to this action a savings and loan association chartered under federal law;

B. In December 1968, the defendant made to plaintiffs a $515,000 mortgage loan (hereinafter called the "loan") at a stated interest rate of 7½% to construction improvements on real estate.

C. The loan was prepaid in full in February 1971.

D. That if all charges in the nature of interest, including periodic interest charges as well as any fees received in advance are spread over the entire term of the loan, the actual interest rate on the loan under F. S. §687.03 would not exceed the lawful maximum for the loan.

## Conclusions of law

I. That as to Issue I (the exemption issue) the court would hold defendant to be exempt from Florida's usury laws on the rationale of Mr. Justice England in his dissenting opinion in *Financial Fed. S. and L. Ass'n v. Burleigh House, Inc.,* 336 So.2d 1145, 1147 (Fla. 1976), but for a decision of Florida's Third District Court of Appeal which explicitly held that a federal savings and loan association is not entitled to an exemption from Florida's usury laws, *Financial Fed. S. and L. Ass'n. v. Burleigh House, Inc.,* 305 So.2d 59, 62 (Fla. 3d D.C.A. 1974). According to the decision of the Fourth District Court of Appeal in *State v. Hayes,* 333 So.2d 51, 52 (Fla. 4th D.C.A. 1976), this court is bound by the *Burleigh House* decision of the Third District Court of Appeal, there being no contrary authority, on the basis of public policy and the sound administration of justice.

II.   That as to Issue II (the spreading of interest issue) the court concludes that the language in F. S. §687.03 requires that all payments of periodic interest as well as advanced or prepaid interest are to be prorated or spread over the full term of the loan in determining whether a violation of Florida's usury laws has been committed. *Home S. and L. Ass'n. v. Bates*, 417 P. 2d 798, 800 (Sup. Ct. N. M. 1966). See also *Smith v. Midcoast Investment Co.*, 173 So. 348 (Fla. 1937); *Home Credit Co. v. Brown*, 148 So. 2d 257 (Fla. 1962); and *American Investment Co. v. Lyons*, 218 P. 183 (Sup. Ct. N. M. 1923).

III.   That application of the second conclusion of law described above to the loan results in an actual interest rate on the loan under F. S. §687.03 within the lawful maximum for the loan.

Based on the above findings of fact and conclusions of law, it is therefore ordered and adjudged, as follows —

1.   That defendant's motion for summary judgment with respect to Issue I (the exemption issue) be and the same hereby is denied.

2.   That defendant's motion for summary judgment with respect to Issue II (the spreading of interest issue) be and the same hereby is granted and the plaintiffs shall recover nothing from defendant.

3.   That there are no taxable costs to assess in this action and this judgment is accordingly final.