369 So.2d 922 (1979)
E.J. CATOGAS and Miriam Catogas, Appellants,
v.
SOUTHERN FEDERAL SAVINGS AND LOAN ASSOCIATION OF BROWARD COUNTY, Appellee.
No. 53831.
Supreme Court of Florida.
February 1, 1979.
Rehearing Denied May 14, 1979.
*923 Leonard D. Pertnoy of Pertnoy & Greenberg, and Bruce S. Rogow of Pearson & Josefsberg, Miami, for appellants.
Robert L. Wunker of Grimditch, Bentz, Witte & Wunker, Pompano Beach, and John A. Thabes of Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, for appellee.
Jim Smith, Atty. Gen., and Randy Schwartz, Asst. Atty. Gen., Tallahassee, for the State of Florida, amicus curiae.
ALDERMAN, Justice.
We have for review by direct appeal the partial final summary judgment of the circuit court for Broward County, holding that section 665.395, Florida Statutes (1975), is constitutional and that Southern Federal Savings and Loan Association of Broward County is exempt from usury by virtue of sections 665.395[1] and 665.511,[2] Florida Statutes (1975). We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
By this appeal we are asked to decide whether Southern Federal comes within the exemption of section 665.395 and to decide the constitutional validity of this section against challenges that it violates the equal protection clause of both the Florida and federal constitutions and that it constitutes a special law prohibited by article III, section 11(a)(9), Florida Constitution. Two subsidiary issues posed by the Catogases are whether the trial court erred in entering summary judgment and whether the trial court erred in refusing to continue the case for more than one day. We hold that section 665.395 is constitutional, that Southern Federal is entitled to this statute's exemption, that partial summary judgment was properly awarded in favor of Southern Federal, and that the trial court did not err in refusing to continue the case for more than one day.
On October 22, 1975, the Catogases executed a promissory note to Southern Federal Savings and Loan Association for the principal sum of $380,000, to be repaid over a period of twenty-four years with interest of ten percent per annum. At closing the bank deducted $20,701.42 as costs from the principal sum loaned. These costs included $15,689 identified as "points" and $1,157.86 identified as prepaid interest. The loan funds, which were used to construct an apartment building, were drawn periodically *924 with the final draw being made on September 22, 1976. Although the loan was closed on October 22, 1975, the loan agreement provided that interest would accrue from December 21, 1975. The first payment of combined principal and interest was due on March 15, 1976. The construction loan agreement provided for a ten percent holdback by Southern Federal which was not to be disbursed until it had been determined that the project was one hundred percent complete, until releases and waivers from all possible lienors had been executed on approved forms, until the contractor's affidavit and owner's affidavit had been executed, and until the certificate of occupancy had been issued by the proper governmental authority. By deed dated February 15, 1976, the Catogases conveyed all their right, title, and interest in the subject property.
The Catogases filed a complaint against Southern Federal, alleging that it intentionally, willfully, and knowingly charged them interest which exceeded the ten percent per annum lawful interest rate and which amounted to usury in violation of section 687.03, Florida Statutes (1975). They alleged that the charging of $15,689 as points in addition to the ten percent interest rate charged on the loan made the loan usurious and that charging interest at the rate of ten percent on the face amount of the loan from the closing date of the loan, although the proceeds of the loan were paid out based on draws at irregular intervals commencing on November 7, 1975, resulted in an effective interest rate of more than ten percent. In an amended complaint, they further alleged that section 665.395, if it is applied to exempt Southern Federal from liability for usury under section 687.03, is unconstitutional. As damages, the Catogases requested forfeiture of the entire interest charged and payment of double the amount of interest paid. They also requested statutory attorney's fees and court costs.
Southern Federal alleged as an affirmative defense that, by virtue of sections 665.395 and 665.511, any interest charged by Southern Federal was not usurious. Southern Federal moved for summary final judgment on January 30, 1978.
On February 21, 1978, the Catogases requested a continuance on the hearing for summary judgment until they completed discovery. The trial court on March 2, 1978, granted a one-day continuance and scheduled the hearing for March 3. Partial summary judgment was thereafter entered in favor of Southern Federal as to counts one and two of the complaint. The trial court expressly held that section 665.395, Florida Statutes (1975), was valid and constitutional and that Southern Federal is exempt from usury by virtue of sections 665.395 and 665.511.
The Catogases contend that this statute exempts only building and loan associations and that since Southern Federal is a savings and loan association, it is not encompassed within this statute.
Southern Federal responds that the Catogases are ignoring section 665.511, which it says makes the usury exemption applicable to savings and loan associations. It also contends that to hold this exemption inapplicable to it would violate the equal protection and supremacy clauses of the Constitution of the United States.
In determining whether the legislature, in retaining the statutory exemption for building and loan associations in section 665.395 (formerly section 665.161) and in promulgating section 665.511 giving federal savings and loan associations the same exemptions as "associations organized under the laws of this state," meant to include federal savings and loan associations within section 665.395, we must consider the entire statute as a whole and give effect to all of its provisions which are related. State v. Gale Distributors, Inc., 349 So.2d 150 (Fla. 1977); Wilensky v. Fields, 267 So.2d 1 (Fla. 1972). Considering these sections in the context of chapter 665, we conclude that the legislature intended that the usury exemption apply to both state and federal savings and loan associations. Further support of this conclusion is found in the legislative history of these statutory provisions.
*925 In 1969, the legislature enacted the Savings Association Act, which repealed former chapter 665, entitled "Incorporation and Operation of Domestic Building and Loan Associations." Chapter 69-39, Laws of Florida. Carried over from this former chapter 665 was the usury exemption relating to building and loan associations. Contained in former chapter 665 was a provision relating to conversion of building and loan associations into federal savings and loan associations which provided:
At the time such conversion becomes effective, the association shall cease to be supervised by this state and immediately all of the property of the association of every nature whatsoever shall become vested in said association under its new name and style, as a federal savings and loan association by operation of law, without any conveyance or transfer whatsoever, and without any further action, and said federal savings and loan association shall have, hold and enjoy such property in its own right as fully and to the same extent as was possessed, held and enjoyed by it as a state association and such federal savings and loan association at the time the conversion becomes effective, shall become and continue to be responsible for all of the obligations of the state association to the same extent as though no conversion had taken place, it being expressly declared that such federal savings and loan association shall be merely a continuation of the state association under the new name, charter and jurisdiction. Federal savings and loan associations and stockholders therein shall be entitled to the same exemptions from taxation or otherwise that are now provided by law or which may hereafter be provided by law for Florida building and loan associations and all laws now existing, providing any such exemptions are hereby made applicable to federal savings and loan associations and stockholders therein.
(Emphasis supplied) (formerly codified at section 665.40, Florida Statutes (1967)). This provision in effect provided that federal savings and loan associations would be entitled to the same exemptions provided by law as were permitted building and loan associations.
At the same time, former section 665.01 provided that associations incorporated under the laws providing for incorporation of building, loan fund, and savings associations would be known as building and loan associations under chapter 665. It also provided that associations incorporated under any law for the purpose of accumulating funds for the use and benefit of its members and of assisting them to accumulate money and to invest their funds and savings by cash or periodic payments on its stock or otherwise to be loaned among its members would be known as building and loan associations under chapter 665. This section, therefore, effectually defined building and loan associations to include domestic and foreign savings and loan associations. Savings associations under this section were known as building and loan associations.
Former section 665.02, which related to the organization of "domestic" associations, provided that the corporate name adopted by the association could end in "building and loan association" or "savings and loan association." This section expressly stated:
Organization requirements for "domestic" association.  Any number of persons, not less than nine, nor more than twenty-one, three-fourths of whom shall be residents of this state, may associate themselves together for the purpose of organizing a domestic building and loan association, and for that purpose they shall make, sign and acknowledge, before some person authorized by the laws of this state to take acknowledgments of deeds, articles of incorporation which shall state:
(1) The corporate name adopted by said association which shall not be the same as, nor similar to the name of any other association incorporated in this state, may be any name desired ending with "building and loan association" or "savings and loan association," but shall not contain any of the words "bank," "banking," or "trust." Unless organized under the provisions of the law relating *926 to building and loan associations, no corporation hereafter organized shall be entitled to use, as a part of its title or name; the word "savings"; the word "association" or "society" in any combination with either of the words "building" or "loan"; the word "company" or "association" or "society" in any combination with both of the words "building" and "loan"; provided, however, that the foregoing restrictions shall not prohibit the use of the word "savings" by a corporation organized under the laws relating to banks and banking.
(Emphasis supplied.) Cf. Greater Miami Financial Corp. v. Dickinson, 214 So.2d 874 (Fla. 1968). This gives further support for the proposition that the legislature intended to exempt savings and loan associations from usury under former section 665.161 since savings and loan associations were included within the definition of building and loan associations as such term was utilized in former chapter 665. Former section 665.161 contained the identical language as section 665.395, Florida Statutes (1975), exempting building and loan associations from usury. Therefore, as appears from a reading of former section 665.161 in the context of the entire chapter, we conclude that it was contemplated under the former law that a savings and loan association would be exempted under former section 665.161.
In Financial Federal Savings & Loan Association v. Burleigh House, Inc., 305 So.2d 59 (Fla. 3d DCA 1974), the District Court of Appeal, Third District, stated that former section 665.40 gave federal savings and loan associations the same exemption from taxation as provided by law for domestic associations, but not from usury. We denied certiorari in that case on the basis that Financial Federal had failed to demonstrate conflict with any prior decisions. Financial Federal Savings & Loan Association v. Burleigh House, Inc., 336 So.2d 1145 (Fla. 1976). We said that the district court's holding relative to section 665.40 was a matter of statutory construction and was a case of first impression, and we, therefore, refused to reach the merits of that case. Justice England, however, disagreed with the majority's conclusion that the Court lacked jurisdiction and expressed his views on the merits. Tracing the history of the statute dealing with building and loan associations and interpreting several sections of former chapter 665, he concluded that, pursuant to former section 665.161, Financial Federal Savings & Loan Association was exempt from Florida's usury laws. Justices Overton and Sundberg concurred with Justice England's dissent. Since this Court lacked jurisdiction to rule on the merits of that case, the decision of the district court was not disturbed. In the present case we do have jurisdiction, and we conclude that former section 665.40 did entitle federal savings and loan associations to the same usury exemption as was permitted for building and loan associations. We reach this conclusion in view of the clear language of that statute which provided the same exemptions for federal savings and loan associations from taxation or otherwise that were provided by law for building and loan associations. To the extent that the district court's decision in Financial Federal is inconsistent with the present decision, it is disapproved.
Although the legislature repealed the Building and Loan Association Act and created the Savings Association Act in 1969, it did not eliminate the exemption permitted building and loan associations and savings and loan associations. Section 665.395. The language of the present statute, reading all of the related provisions of chapter 665 together, evidences the legislative intent to retain savings and loan associations within the usury exemption. Section 665.021, Florida Statutes (1975), defines association as a savings association or savings and loan association. Section 665.051, which deals with the corporate name of an association under this chapter, provides that one authorized to do business under this chapter may use the name "savings association," "savings and loan association," "building and loan association," or "building association." Expressly, section 665.051(2) provides:

*927 (2) EXCLUSIVENESS OF NAME.  No person, firm, company, association, fiduciary, partnership, or corporation, either domestic or foreign, unless he or it is lawfully authorized to do business in this state under the provisions of this chapter and actually is engaged in carrying on a savings association business shall do business under any name or title which contains the terms "savings association," "savings and loan association," "building and loan association," "building association," or any combination employing either or both of the words "building" or "loan" with one or more of the words "saving," "savings," "thrift," or words of similar import, or any combination employing one or more of the words "saving," "savings," "thrift," or words of similar import with one or more of the words "association," "institution," "society," "company," "fund," "corporation," or words of similar import... .
We conclude that the legislature intended that the usury exemption in section 665.395 apply to savings and loan associations and, pursuant to section 665.511, apply to Southern Federal.
Additionally, we find that section 665.511 says that federal savings and loan associations will have the same exemptions as are provided by the laws of this state "for associations organized under the laws of this state." Building and loan associations fall within the definition of section 665.021(1). We also note that former section 665.01 provided that a savings association incorporated under the law would be known as a building and loan association within the context of chapter 665.
The Catogases next challenge the validity of section 665.395 on the basis that it creates an arbitrary and unreasonable classification and that it, therefore, violates the equal protection clauses of the Florida and federal constitutions and constitutes a prohibited special law in violation of article III, section 11(a)(9), Florida Constitution, which provides:
SECTION 11. Prohibited special laws. 
(a) There shall be no special law or general law of local application pertaining to:
.....
(9) creation, enforcement, extension or impairment of liens based on private contracts, or fixing of interest rates on private contracts.
.....
In response, Southern Federal contends that section 665.395, which includes federal savings and loan associations within its exemption, does not create an arbitrary and unreasonable classification.
We agree with Southern Federal and hold that section 665.395 violates neither the equal protection clause nor article III, section 11(a)(9). As this Court emphasized in Cesary v. Second National Bank of North Miami, No. 53,497, 369 So.2d 917 (Fla. 1979), the legislature, when dealing with usury questions and the classifications to be established, has great discretion, and its classifications will not be disturbed unless plainly unconstitutional. As we said in Cesary:
The legislature enacted the usury laws to remedy an existing evil, and it has the authority to classify regulatory enactments with reference to degrees of evil.
Slip op. at 8. The Catogases have failed to prove that this classification did not rest upon any reasonable basis and is, therefore, arbitrary. The classification of lenders exempted by section 665.395 from the usury law has a basis in real differences of conditions affecting the subject matter regulated. In Cesary, we likewise held that the classifications of lenders created by sections 687.031 and 656.17(1), Florida Statutes, were not unreasonable and arbitrary. Since we find the classification reasonable and since section 665.395 operates uniformly throughout the state upon this classification, we conclude that this statute is a general law. Cf. Cesary.
Furthermore, we hold that the trial court properly determined that no material issues of fact remained for determination and correctly entered partial summary judgment for Southern Federal, finding it to be exempt from usury. Finally, we determine *928 that the trial court did not err in refusing to continue the case for more than one day.
Accordingly, we affirm the judgment of the trial court and hold that, pursuant to sections 665.395 and 665.511, Florida Statutes, Southern Federal is exempt from usury and that section 665.395 is constitutional.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] Section 665.395 provides:

Collection of fines, interest or premiums on loans made by building and loan associations.  No fines, interest or premiums paid on loans made by any building and loan association shall be deemed usurious, and the same may be collected as debts of like amount are now collected by law in this state, and according to the terms and stipulations of the agreement between the association and the borrower.
[2] Section 665.511 provides:

Federal savings associations.  Federal savings associations or federal savings and loan associations, incorporated pursuant to the laws of the United States, as now or hereafter amended, are not foreign corporations or foreign associations. Unless federal laws or regulations provide otherwise, federal associations and the members thereof shall possess all of the rights, powers, privileges, benefits, immunities and exemptions that are now provided or that hereafter may be provided by the laws of this state for associations organized under the laws of this state and for the members thereof. This provision is additional and supplemental to any provision which, by specific reference, is applicable to federal associations and the members thereof. [Emphasis supplied.]