ADKINS, Justice.
We have for review a decision of the Fifth District Court of Appeal (Abramowitz v. Barnett Bank of West Orlando, 394 So.2d 1033 (Fla. 5th DCA 1981)), which is in conflict with our decision in St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, (1982), as well as Shaw v. Shaw, 334 So.2d 13 (Fla.1976), and Financial Federal Savings & Loan Association v. Burleigh House, Inc., 305 So.2d 59 (Fla. 3d DCA 1974), cert. discharged, 336 So.2d 1145 (Fla.1976), cert. denied, 429 U.S. 1042, 97 S.Ct. 742, 50 L.Ed.2d 754 (1977). We have jurisdiction. Art. V, § 3(b)(3), Fla.Const.
Respondent, Abramowitz (hereinafter referred to as plaintiff), brought an action against Barnett Bank seeking damages due to an alleged usurious loan. Plaintiff alleged that a $400,000 loan made by Barnett Bank was usurious since interest was initially set at 9% per annum and a 1% or $4,000 service fee was charged which plaintiff claimed was in the nature of interest.
Barnett Bank denied the usurious nature of the loan alleging that the $4,000 charge was a service charge, denying any corrupt intent, and asserting that the interest rate charged on the loan was permitted. On motion for summary judgment filed by both parties, the trial judge entered final judgment in favor of Barnett Bank holding that Barnett bank did not charge an unlawful rate of interest and had no intent to collect more interest than was authorized by law. After entry of summary final judgment in favor of Barnett Bank, the plaintiff appealed. On appeal the district court of appeal reversed the final summary judgment in favor of the bank, Abramowitz v. Barnett Bank of West Orlando, 356 So.2d 329 (Fla. 4th DCA 1978), determining that a genuine issue existed concerning how much of the $4,000 service fee compensated Barnett Bank for out of pocket expenses and for services rendered. Further, the Fourth District Court of Appeal determined that corrupt intent generally should not be dealt with on summary judgment. Petition for certiorari in this Court was denied without opinion. Abramowitz v. Barnett Bank of West Orlando, 364 So.2d 880 (Fla.1978).
The cause was then tried without jury and, again, final judgment was entered in *628 favor of Barnett Bank and against plaintiff. The trial court specifically found that Barnett Bank did not charge interest in excess of 10% for the first year of the loan and that the bank did not willfully or knowingly charge a rate of interest greater than 10%. The district court of appeal reversed the final judgment holding that there was not sufficient evidence to sustain the trial court’s findings.
The district court analyzed the transaction as follows:
“Service Pee” $ 4,000.00
Less “Reasonable Expenses” -300.00
“Hidden Interest” $ 3,700.00
Principal of Loan $400,000.00
Less Prepaid Interest -3.700.00
Actual Principal $396,300.00
Maximum legal amount of interest collectible on this loan (10%) of actual principal $ 39,630.00
Actual interest charged and billed 36,347.78
Plus “hidden interest” + 3.700.00 $ 40,047.78
Amount of over-charge $ 40,047.78 -39.630.00
$ 417.78
The difficulty here was that the 1% taken up front was considered as a reduction in the amount of the principal received. The district court relied upon Hamm v. St. Petersburg Bank & Trust Co., 379 So.2d 1300 (Fla. 2d DC A 1980). We quashed that decision and held that the service fee should not be considered as “interest” within the usury statute, and should not be considered as a reduction in the amount of the principal. St. Petersburg Bank & Trust Co. v. Hamm.
The trial judge found as a matter of fact that the bank performed several functions other than those of a straight loan transaction. The trial court found “that the bank earned all or a high percentage of the service fee for services rendered. The value of the services was clearly in excess of the amount necessary to remove any taint of usury.” The trial court also stated: “There is testimony from independent impartial bankers that the amount of the fee charged is fair and reasonable for the services the defendant bank performed and was for services rendered as opposed to hidden interest charges.”
Without considering any reasonable expense, the breakdown for this one year loan would be as follows:
Service fee $ 4,000.00
Principal of loan Maximum legal amount of interest collectible on this loan (10%) of actual principal 400,000.00 40,000.00
Actual interest charged and billed 36,347.78
Plus service fee 4,000,00
Total interest & service fee charged $ 40,347.78
Maximum (10%) interest -40.000.00
Overcharge $ 347.78
The critical question is whether $347.78 or more was attributable to the lender’s bona fide “expenses” so as to remove from the transaction any possible taint of usury. The district court found that only a $300 final inspection fee could be considered as a “bona fide expense.” The trial court found that the bank earned all or a high percentage of the $4,000 for services rendered. In our opinion the evidence is sufficient to show an amount in excess of $347.78 which was expended by the bank as expenses incidental to the loan. The loan was not usurious.
The decision of the district court of appeal is quashed and this cause is remanded with instructions to affirm the judgment of the trial judge.
It is so ordered.
ALDERMAN, C. J., and BOYD and OVERTON, JJ., concur.
SUNDBERG, J., concurs in result only.